HUMBERTO RAFAEL AGOSTINI Y ÁLVAREZ, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE MAYAGÜEZ, recurrido.

No. 765.—*Sometido:* Mayo 6, 1929. *Resuelto:* Mayo 9, 1929.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

En la Corte de Distrito de Mayagüez se siguió un pleito en cobro de dinero por H. R. Agostini contra S. Agostini y la Sucesión de Eugenia Álvarez compuesta de sus hijos, cuatro de los cuales eran menores de edad. Emplazados los demandados, presentaron por medio de su abogado una moción reconociendo la deuda y allanándose a que se dictara sentencia contra ellos sin costas. Así se hizo. Los menores estuvieron representados por su padre con patria potestad el demandado S. Agostini.

Firme la sentencia se expidió mandamiento de ejecución y el márshal del distrito embargó y vendió en pública subasta para satisfacerla cierta finca rústica, otorgando a favor del comprador H. R. Agostini la correspondiente escritura.

Presentado el documento en el Registro de la Propiedad de Mayagüez, el registrador lo inscribió pero anotando un defecto, así:

"Inscrita la venta . . . con el defecto subsanable de no haber sido representados los menores en el pleito por un defensor judicial al allanarse a la demanda, lo que hace errónea la sentencia."

No conforme el comprador interpuso este recurso en el que también compareció el registrador explicando los motivos de su nota.

A nuestro juicio no existe el defecto apuntado.

Como hemos dicho los menores demandados estuvieron representados por su padre de acuerdo con lo que prescribe el artículo 223 del Código Civil, así:

"Artículo 223.—El padre y la madre tienen, respecto de sus hijos no emancipados:

"1. El deber de alimentarlos, tenerlos en su compañía, educarlos e instruirlos con arreglo a su fortuna, y representarlos en el ejercicio de todas las acciones que puedan redundar en su provecho. . ."

La deuda reclamada en el pleito era común al padre y a los hijos. Fué al parecer contraída por la sociedad de gananciales. Se disolvió ésta por muerte de la madre y el lugar de la madre lo ocuparon sus hijos. No existían intereses encontrados y no era por tanto necesario el nombramiento de un defensor, de acuerdo con el artículo 230 del propio Código Civil que lee como sigue:

"Artículo 230.—Siempre que en algún asunto el padre o la madre tengan un interés opuesto al de sus hijos no emancipados, la corte de distrito nombrará a éstos un defensor que los represente en juicio y fuera de él."

"La corte de distrito, a petición del padre o de la madre, del mismo menor, del fiscal o de cualquiera persona capaz para comparecer en juicio, conferirá el nombramiento de defensor al pariente del menor a quien en su caso correspondería la tutela legítima, y a falta de éste, a otro pariente o a un extraño."

█ El artículo 56 del Código de Enjuiciamiento Civil que invoca el registrador, puede armonizarse con los preceptos citados del Código Civil. Dice así:

"Artículo 56.—Cuando un menor, demente o persona incapacitada es parte en un litigio, deberá comparecer, bien por medio de su tutor general, o de un defensor nombrado por la corte que entienda en el asunto, en cada caso, o por el juez de la misma. El defensor puede ser nombrado en cualquier caso, cuando la corte que conoce del asunto o el juez de la misma juzgare conveniente que el menor, demente o persona incapacitada sea representada por dicho defensor, aún cuando tuviere tutor general y haya comparecido por medio de éste."

En nuestro derecho surge la tutela cuando no existe la patria potestad. Los padres son los legítimos representantes de sus hijos. Cuando éstos son representados por un tutor o por un defensor es porque los padres no existen o están imposibilitados. En el caso que estudiamos vivía el padre, estaba en el pleno ejercicio de su patria potestad en relación con sus menores hijos y no existía incompatibilidad entre los intereses del uno y de los otros.

Seguramente lo que indujo a error al registrador fué el

uso de la palabra "tutor" en el texto español de la ley. En el texto inglés se emplea la palabra "guardian" y se ha resuelto por la jurisprudencia que "el padre, o, en algunos casos, la madre, es el 'guardian' natural del niño." Véase 13 Cal. Jur. 138, 142.

Si existiera alguna duda, bastaría para disiparla el artículo 57 del propio Código de Enjuiciamiento Civil que lee como sigue:

"Artículo 57.—Cuando se nombre defensor, el nombramiento deberá hacerse como sigue:

"1. Cuando el menor es demandante, a petición de éste, si tuviere catorce años cumplidos; y si tuviere menos edad, a petición de un pariente o amigo del menor.

"2. Cuando el menor es demandado, a petición del mismo, si tuviere catorce años cumplidos, y presentare dicha petición dentro de los diez días de hecha la citación; si fuere menor de catorce años, o dejare de presentar la petición como queda dicho, entonces a solicitud de cualquier otra parte en el litigio entablado o de un pariente o amigo del menor.

"3. Cuando una persona demente o incapacitada fuere parte en una acción o procedimiento, a petición de un pariente o amigo de dicha persona demente o incapacitada, o de cualquiera otra de las partes en la acción o procedimiento."

Como bien sostiene el recurrente en su alegato ese artículo "claramente determina que el nombramiento de defensor a que se refiere el artículo cincuenta y seis, procede solamente cuando el menor no tiene madre o padre con patria potestad, pues de estar incluido tal caso, necesariamente el nombramiento habría de hacerse, y así lo especificaría el artículo 57, a petición del padre o de la madre cuando tuviere el menor menos de catorce años de edad, 'Incluso unius est exclussio alterius.' "

El artículo 77 de la Ley de Procedimientos Legales Especiales (Comp. 1911, p. 335) que cita también el registrador para sostener su nota, en vez de favorecerla sostiene la contención del recurrente.

*Por virtud de todo lo expuesto debe revocarse la nota recurrida y ordenarse la inscripción sin el defecto apuntado.*