HUMBERTO LIZARDI, peticionario, *v.* CORTE DE DISTRITO DE SAN JUAN, HON MARCELINO ROMANY, JUEZ, demandada.

Núm. 1216.—*Sometido:* Julio 1, 1940. *Resuelto:* Julio 5, 1940.

*E. Martínez Avilés,* abogado del peticionario; el juez recurrido no compareció.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El 10 de mayo último el peticionario radicó un procedimiento ex parte en la corte inferior, interesando se nombrase un defensor judicial *(guardian ad litem)* a sus sobrinos de once años de edad José e Irma Lizardi. En la petición, que fué debidamente jurada, se alegó que bajo el número de radicación 32397 de dicha corte, se había instado un pleito por *Emma Lizardi et al. v. Pablo Ramón Caballero, etc.,* sobre deslinde, en el cual es también demandante el peticionario, y que indebidamente se hizo figurar a dichos menores como demandados en dicho pleito, cuando el interés que ellos tienen en el mismo exige que figuren como demandantes; que el nombramiento de defensor se solicitaba a fin de enmendar la demanda en el pleito de deslinde, de forma que los menores figurasen como demandantes; que además del pleito antes mencionado, los demandantes se proponen instar una acción reivindicatoria en dicha corte contra el mismo Pablo Ramón Caballero en el cual los indicados menores deberán aparecer como demandantes, por lo que es necesario para el caso de reivindicación, que dichos menores estén debidamente representados por un defensor judicial. Termina la solicitud con súplica de que se nombre a Rodrigo Manzano Dávila defensor judicial.

El mismo día 10 de mayo se celebró la vista y la corte dictó la siguiente resolución:

"No ha lugar al nombramiento de un defensor judicial. Debe solicitarse dentro del pleito principal. Dada en Corte abierta, en San Juan, Puerto Rico, hoy día 10 de mayo de 1940."

El peticionario radicó en este tribunal una petición de *certiorari* para revisar la orden transcrita y habiéndose denegado la expedición del auto el 22 de mayo de 1940, el 25 del mismo mes recurrió de nuevo a la corte inferior y radicó una moción de reconsideración a la citada resolución de 10 de mayo, recayendo la siguiente orden:

"Denegada, porque de acuerdo con el artículo 56 del Código de Enjuiciamiento Civil esta solicitud debe hacerse al juez donde se halle pendiente el pleito y dentro de él. (Fdo.) M. Romany, Juez.— 5/29/40."

De nuevo ha solicitado el peticionario un auto de *certiorari* para revisar los procedimientos habidos en este caso en la corte inferior.

El artículo 56 del Código de Enjuiciamiento Civil, en que basó su resolución el juez inferior, dice así:

"Artículo 56.—Cuando un menor, demente o persona incapacitada es parte en un litigio, deberá comparecer bien por medio de su tutor general o de un defensor nombrado por la corte que entienda en el asunto, en cada caso, o por el juez de la misma. El defensor puede ser nombrado en cualquier caso, cuando la corte que conoce del asunto, o el juez de la misma, juzgare conveniente que el menor, demente o persona incapacitada sea representado por dicho defensor, aun cuando tuviere tutor general y haya comparecido por medio de éste."

El precepto transcrito, que procede del Código de Enjuiciamiento Civil de California, donde figura con el número 372, ha sido interpretado por los tribunales de aquel Estado en el sentido de que el nombramiento de defensor puede hacerse ex parte y *deberá* hacerse el nombramiento antes de que se radique la demanda en que el menor haya de figurar como demandante. 13 Cal. Jur., pág. 206, sec. 54, y casos citados. Véase especialmente *In re Cahill*, 74 Cal. 52, 15 P. 364.

La interpretación dada por la corte inferior conduce al absurdo y debe por consiguiente rechazarse, pues si el demandante que se propone litigar es menor de edad y por consi-

guiente carece de capacidad para demandar, ¿cómo es posible exigirle que radique una demanda que legalmente no puede presentar por falta de capacidad, para después, dentro de ese procedimiento así viciado, solicitar que se le nombre un defensor? Lo lógico es que solicite el nombramiento de defensor en un procedimiento ex parte y una vez completada su personalidad, radique el pleito en que ha de figurar como demandante.

■ Ahora bien, lo dicho no releva al juez de distrito de su deber de exigir que se le presente un proyecto de la demanda que a nombre de los menores intente radicarse, para determinar antes de nombrar el defensor judicial si es conveniente a sus intereses que se extienda dicho nombramiento. Si a juicio del juez de distrito la acción que, intenta establecerse es frívola o en cualquier forma puede perjudicar los intereses de los menores, es su deber negarse a nombrar el defensor judicial.

■ En lo que respecta al pleito de deslinde, en el cual los demandantes que figuran en la demanda originalmente radicada son mayores de edad, pudo haberse solicitado el **nombramiento dentro de dicho pleito; pero como se solicita** también que se nombre un defensor judicial para que represente a los menores en el pleito de reivindicación que se proponen **radicar, nada impide, de acuerdo con la jurisprudencia** citada, que en la misma resolución dentro del procedimiento sobre nombramiento de defensor, se extienda dicho nombramiento para representarlos en uno y otro caso.

Como no se presentó, ni exigió la corte un proyecto de la demanda que intentaba establecerse en la acción reivindicatoria, y toda vez que las resoluciones de 10 de mayo de 1940, y 29 del mismo mes denegando la reconsideración de la primera, son erróneas, *procede anularlas y devolver los autos originales a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*