Margarita Biaggi, peticionaria, *v.* Corte de Distrito de Ponce, Hon. Ángel Fiol Negrón, Juez, demandada; Sucn. de Angelina Esbri Vda. de Bauzá, interventora.

Núm. 1735.—*Sometido:* Febrero 3, 1948. *Resuelto:* Marzo 15,. 1948.

*Carlos E. Colón,* abogado de la peticionaria; *Ramón G. Goyco,* abogado de la interventora, demandada en el pleito principal.

El Juez Asociado Señor Snyder emitió la opinión del tribunal.

La peticionaria inició pleito contra los miembros de una sucesión, entre los cuales había dos menores llamados William y Eleonor Biaggi Soto. Estos demandados y su señora madre fueron debidamente emplazados. La madre, a nombre

de los menores, solicitó la desestimación de la demanda por falta de jurisdicción por el fundamento de que los menores sólo podían ser demandados incluyendo a la madre, que tenía la patria potestad sobre ellos, como demandada en el pleito en representación de los mismos. La corte de distrito dictó resolución declarando con lugar la moción y concediendo a la peticionaria quince días para radicar demanda enmendada, incluyendo a la madre como demandada en representación de los menores. El caso se encuentra ante este Tribunal en solicitud de *certiorari* para revisar dicha resolución.

Aquí son de aplicación dos de las Reglas de Enjuiciamiento Civil. La primera trata de la manera de notificar el emplazamiento y la demanda en un pleito contra un menor. La Regla 4(*d*) dice que la notificación se hará " . . . (2) A un menor de edad que residiere en la Isla, a dicho menor personalmente, así como también a su padre, madre o tutor . . . ". El diligenciado demuestra que aquí el emplazamiento se hizo a "los menores William Biaggi y Eleonor Biaggi Soto así como a su madre Genoveva Soto en su residencia en la calle Victoria de Ponce . . . ". Las partes están contestes en que la madre tiene patria potestad sobre los menores y no tiene intereses en conflicto con ellos. Y como ella no es demandada por derecho propio, el emplazamiento a ella necesariamente fué a tenor con la Regla 4(*d*)(2), que exige que se emplace tanto a la madre como a los menores cuando estos últimos son demandados. Véase *Pacific Coast Joint Stock Land Bank of San Francisco* v. *Clausen et al.,* 65 P.2d 352 (Calif., 1937). En consecuencia, no puede haber objeción alguna al emplazamiento en este caso. Nuestra decisión a este efecto concuerda con los casos de *Orcasitas* v. *Márquez et al.,* 19 D.P.R. 477; *Vías* v. *Sucn. Pérez et al.,* 15 D.P.R. 732; *Díaz Bermúdez et al.* v. *Sucn. de Díaz Román et al.,* pág. 249, ante. Estos casos son de completa aplicación ya que la Regla 4(*d*)(2) constituye,

a este respecto, una reexposición del artículo 93 del Código de Enjuiciamiento Civil, de acuerdo con el cual fueron resueltos.

■■ El verdadero problema en este caso surge bajo la Regla 17(*f*). Ésta dispone que "Cuando un menor, demente o persona incapacitada. es parte en un litigio, deberá comparecer por medio de su padre o madre con patria potestad, si los tuviere, y en su defecto, por medio de su tutor general, o de un defensor nombrado por la corte que entienda en el asunto, en cada caso, o por el juez de la misma. El defensor puede ser nombrado en cualquier caso, cuando la corte que conoce del asunto, o el juez de la misma juzgare conveniente que el menor, demente o persona incapacitada sea representada por dicho defensor, aun cuando tuviere tutor general y haya comparecido por medio de éste."

La Regla 17(*f*) no ha cambiado la doctrina en esta jurisdicción. Igual que bajo el artículo 56 del Código de Enjuiciamiento Civil y el artículo 153 del Código Civil, bajo la Regla 17(*f*) un padre o madre con patria potestad representa a un menor en un litigio. Es sólo cuando los intereses del menor y de su padre vienen a estar en conflicto, o si la corte lo cree conveniente que al menor lo representa su tutor general o un defensor judicial. *Cibes et al.* v. *Santos et al.*, 22 D.P.R. 224; *Agostini* v. *Registrador,* 39 D.P.R. 577; véase *Díaz Bermúdez et al.* v. *Sucn. de Díaz Román et al.,* supra.

■■ Como hemos visto, las partes convienen en que la madre es la persona adecuada para representar a los menores en este caso. La única cuestión a resolver es si el caso se radicó correctamente contra los menores o si, como resolvió la corte de distrito, el pleito debe radicarse contra la madre como parte demandada en el mismo, en representación de los menores.

Los casos son contrarios a lo que resolvió la corte de distrito. Cuando se demanda a un menor, el pleito se insti-

tuye contra él en su propio nombre. El padre con patria potestad, el tutor general o el defensor judicial no aparecen como parte demandada. El caso es contra el menor como una parte, quien comparece representado por el padre con patria potestad, su tutor general o su defensor judicial. *Redmond* v. *Peterson,* 102 Cal. 595 (1894); *Keane* v. *Penha,* 173 P.2d 835 (Calif., 1946); *Ocean Accident & Guarantee Corporation* v. *Industrial Acc. Commission et al.,* 263 P. 823 (Calif., 1928); *Hughes* v. *Quackenbush et al.,* 37 P.2d 99 (Calif., 1934); *Loock v. Pioneer Title Ins. & Trust Co.,* 40 P.2d 526 (Calif., 1935); *Doyle et al.* v. *Loyd et al.,* 114 P.2d 398 (Calif., 1941); *Rosenberg* v. *Bricken,* 194 S.W. 2d 60 (Ky., 1946); *Baker et al.* v. *Boyd et al.,* 119 S.W. 2d 524 (Ark., 1938); 13 *Cal. Jur.* sección 38, pág. 186, y casos citados; 3 Bancroft's *Code Pleading,* sección 1534, pág. 2528, Forma núm. 705, págs. 2532–33; 22 *Calif. L. Rev.* 576.

Es cierto que en *Góñez v. Palmieri,* 50 D.P.R. 457, resolvimos que la corte de distrito no cometió error al desestimar la excepción previa a la demanda en un caso de filiación intitulado ''Santos Góñez, en representación de su hija menor Esther Góñez''. Pero dijimos que (pág. 458) ''la verdadera parte interesada lo era Esther Góñez y que la madre compareció solamente en representación de ella.'' En otras palabras, a pesar del título defectuoso el pleito fué sustancialmente instituído por el menor según lo exigen nuestras leyes y la Regla 17($f$). Véase *Yordán* v. *Ríos,* pág. 259, ante.

Es significativo el hecho de que no tengamos una regla equivalente a la Regla Federal 17($c$), excepto para albaceas, administradores o comisarios. Según lo reconoce Moore, en un número de jurisdicciones, Puerto Rico inclusive, bajo la ley local un pleito que envuelva un menor o una persona incapacitada debe instituirse a su nombre y no a nombre de su representante. 2 Moore's *Federal Practice,* sec. 17.18, págs. 2103–5. Véanse *Southern Ohio Sav. Bank & Trust Co.* v.

*Guaranty Trust Co. of New York et al.*, 27 F.Supp. 485 (N.Y., 1939) ; *Horzepa et al.* v. *Dauski*. 40 F.Supp. 476 (N.Y., 1941).

El resultado a que llegamos en el caso de *Lizardi* v. *Corte*, 57 D.P.R. 248, no es inconsistente con nuestros puntos de vista aquí. En él resolvimos que un defensor judicial puede ser nombrado en un procedimiento *ex parte* y debiera nombrarse antes de que se radique la demanda en que el menor ha de comparecer como demandante. En dicho caso no estaba envuelta la cuestión en cuanto a si el menor o su defensor judicial es la parte que debe aparecer como demandante.(¹)

Del mismo modo, el caso de *Agostini* v. *Registrador*, supra, no establece una doctrina en contrario. Meramente resuelve que los menores fueron debidamente representados por su padre con patria potestad en vista del hecho de que éste no tenía intereses en conflicto con los de los menores. La cuestión de si la parte adecuada en el pleito debieran ser los menores o su padre no fué considerada en dicho caso.

▮ Toda vez que este pleito fué debidamente radicado contra los menores por derecho propio y como éstos y su señora madre fueron debidamente emplazados de conformidad con la Regla 4(*d*), la corte inferior cometió error al declarar con lugar la moción de desestimación en cuanto a los menores por falta de jurisdicción.

*La resolución de la corte de distrito será dejada sin efecto y se devolverá el caso para ulteriores procedimientos.*

---

(¹)Sin embargo, creemos propio indicar que si bien, como resolvimos en el caso de *Lizardi*, un defensor judicial puede y de ordinario debiera nombrarse en un procedimiento ex parte antes de la radicación de una demanda en la que el menor es el demandante, sin embargo tal '' . . . defensor puede [también] ser nombrado después de iniciado el pleito.'' 13 *Cal.Jur.* sec. 54, pág. 207 (corchetes nuestros); véase *Doyle et al.* v. *Loyd et al.*, supra. De ahí que el párrafo de nuestra opinión en el caso de *Lizardi* que aparece a la pág. 250–1 no es correcto si se lee como que significa que no puede nombrarse defensor judicial alguno dentro del procedimiento principal después de radicarse la demanda a nombre del menor como único demandante. Aunque no afecta el resultado del caso de *Lizardi* o el resto de la opinión, creemos propio aclarar este párrafo de dicha opinión.