Sánchez Martínez, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
La controversia que plantea este caso es si procede que se acoja una moción instada en 1996 para *908 solicitar, al amparo de la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R.49.2, el relevo de una sentencia dictada en el 1988, es decir, ocho años antes. El Tribunal de Primera Instancia, Sala Superior de Bayamón, resolvió que no. Por estimar que esa resolución es correcta, denegamos la expedición del auto.
En 1987 se presentó una acción por impericia médica contra el Hospital San Pablo y otras personas para reclamar por la muerte de la señora Ivette Piñeiro Noriega. Como demandantes figuraron el padre, la madre, las hermanas, los hermanos y las dos hijas menores de edad de la señora Piñeiro Noriega. El 24 de agosto de 1988 se archivó en autos copia de la notificación de la sentencia que desestimó la demanda al amparo de la Regla 4.3(b) de Procedimiento Civil, por no haberse diligenciado los emplazamientos dentro del plazo de seis meses de éstos haber sido expedidos. Una moción de reconsideración, primero, y una moción de relevo de sentencia, después, fueron denegadas aquel mismo año.
El pasado 16 de julio de 1996, las dos hijas de la causante, representadas esta vez por otro abogado, radicaron una nueva moción de relevo de sentencia. En su moción, aseveraron que una de ellas, Aixa Ivette Meléndez Piñeiro, nació el 17 de julio de 1974 y que la otra, Alix Marie Meléndez Piñeiro, nació el 16 de marzo de 1977. Ambas eran menores de edad cuando se instó la demanda (una tenía 13 años de edad y la otra 10). Al momento de morir su señora madre ambas eran huérfanas de padre. Sin embargo, ninguna de ellas compareció por conducto de un tutor judicial ni defensor ad litem.
Ahora, Aixa Ivette comparece por sí misma pues ya es mayor de edad y Alix Marie, todavía menor, lo hace por conducto de su tutora judicial (su abuela) nombrada como tal en 1991.
Como fundamento de la moción de relevo aducen que la sentencia desestimatoria dictada en 1988 errónea por cuanto a los emplazamientos nunca fueron expedidos, razón por la cual no pudo haber transcurrido plazo alguno para diligenciarlos. Sostienen que lo procedente era que el tribunal emitiera una orden de mostrar causa al amparo de la Regla 39.2(b) de Procedimiento Civil (inactividad por un plazo mayor de seis meses), y no lo hizo. Alegan que eso infringió su derecho al debido proceso de ley. También añaden que el anterior abogado de ellas meramente les había dicho que el caso "se había caído" sin informarles la verdad sobre el estado de la litigación.
El Tribunal de Primera Instancia desestimó la moción de relevo de sentencia a base de que, transcurrido el plazo de seis meses, el remedio apropiado es la presentación de un pleito independiente. Ante nosotros las peticionarias reiteran su parecer de que lo que procede es dejar sin efecto la sentencia de y no obligarlas a litigar esta reclamación mediante una acción independiente. Aixa Ivette señala que si se le obligara a hacerlo, su reclamación pudiera estar prescrita pues hoy ella tiene 22 años de edad. Finalmente, señala que en Banco de Santander v. Fajardo Farms Corp., _ D.P.R. _ (1996), 96 J.T.S., a la pág_, el Tribunal Supremo permitió una moción de relevo de sentencia a los cinco años de dictada la sentencia.
La co-demandada recurrida Hospital San Pablo, Inc. se opuso mediante escrito de comparecencia especial y "sin someterse a la jurisdicción" de este Tribunal señala que las peticionarias comparecieron al pleito debidamente representadas por sus inmediatos y legítimos parientes y que, por tal razón, la sentencia dictada en 1988 les perjudicaba. También defiende la corrección de la sentencia desestimatoria objeto de la moción de relevo.
Comenzaremos por decir que Banco de Santander v. Fajardo Farms Corp. no constituye autoridad para sostener que el plazo de seis meses establecido en la Regla 49.2 de Procedimiento Civil ya no es fatal. Todo lo contrario es cierto. En dicho caso el Tribunal Supremo reitera que tal plazo es jurisdiccional. El caso de Banco de Santander v. Fajardo Farms Corp. debe ser reducido al estrecho campo de aplicación cuando, pudiéndose instar una acción independiente, las partes y el tribunal convienen en dilucidar la cuestión dentro del mismo expediente. En el caso de autos, sin embargo, la situación es distinta pues ni la parte demandada ni el tribunal a quo han dado su anuencia para proceder de ese modo.
La preocupación de Aixa Ivette por la prescripción de su acción es a todas luces infundada. La *909 realidad es que la sentencia dictada en este caso en el 1988 no puede oponérsele a ella ni a su hermana. Hemos dicho que cuando se presentó esta acción ambas eran huérfanas de padre y madre y no tenían tutor. De hecho, según los documentos ante nos, a la peticionaria Alix Marie se le nombró totora judicial el 30 de mayo de 1991. Apéndice de la Petición, a las págs. 46-48. Hemos visto la demanda presentada en este caso y ellas figuran en el epígrafe del caso por sus nombres propios y la frase "estas dos menores de edad". En el cuerpo de la demanda no se dice quién comparece en el pleito para completar su capacidad jurídica. En ausencia del padre, madre o tutor, como regla general los menores de edad no tienen suficiente capacidad jurídica para comparecer a un pleito a promover o defenderse de una reclamación. Art. 153 del Código Civil, 31 L.P.R. A. see. 601; Biggai v. Corte, 68 D.P.R. 407 (1948). Véase, también, Cuevas Segarra, Práctica Procesal Puertorriqueña - Procedimiento Civil, Publicaciones J.T.S., San Juan, 1984, a la pág. 88. La inclusión de dichas menores como demandantes en la acción sin siquiera habérseles nombrado defensor ad litem fue inoficiosa. Es evidente que constituyó una actuación ultra vires del anterior representante legal de la parte demandante.
En Puerto Rico la prescripción extintiva de las acciones personales por daños no corre contra los menores de edad, bien por disposición expresa del Art. 40 del Código de Enjuiciamiento Civil, 32 L.P.R.A., see. 254, o bien conforme a las normas relativas a la suspensión de la prescripción. De Jesús v. Churdón, 116 D.P.R. 238, 254 (1985). Esto significa que el término prescriptivo de un año aplicable a las acciones torticeras por impericia médica comienza a decursar, en el caso de los menores, cuando éstos llegan a la mayoría de edad, es decir, cuando cumplen veintiún años de edad. 
Contra Alix Marie dicho plazo no ha comenzado a decursar pues esta aún tiene diecinueve años de edad. En cambio, Aixa Ivette tenía hasta un año después de su vigésimoprimer cumpleaños para instar su reclamación. Como ésta nació el 17 de julio de 1974, llegó a la mayoridad el 17 de julio de 1995. Tenía un año a partir de ese momento para ejercitar la acción. Dicho año se extendía hasta su vigésimo segundo cumpleaños que fue el 17 de julio de 1996. Notamos que la moción de relevo de sentencia de la copeticionaria Aixa Ivette fue presentada el 16 de julio de 1996, justamente un día antes de expirar el término prescriptivo. -
En resumen, aun cuando no procede relevar a las peticionarias de los efectos de la sentencia dictada en el caso de autos, la Regla 49.2 no impide que se presente un pleito independiente en vista de que dicha sentencia no puede oponérsele a ellas.
Con estos antecedentes, se deniega la expedición del auto solicitado.
Lo acordó el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 97DTA28
1. del Código de Enjuiciamiento Civil, supra, establece que "[s]i la persona con derecho a ejercitar una acción, que no sea la reivindicatoría, fuese al tiempo de nacer la causa de acción...menor de edad..., el tiempo que dure tal incapacidad [de minoridad] no se considerará parte del tiempo fijado para empezar a ejercitar la acción".
2. La mayor edad comienza a los veintiún años cumplidos. Art. 247 del Código Civil, 31 L.P.R,A. see. 971.
3. A los fines de la prescripción el año se computa a base de 365 días, Sánchez v. Cooperativa Azucarera, 66 D.P.R. 346 (1946), a menos que se trate de un año bisiesto en cuyo caso será a base de 366 días. En los hechos de este caso, por tratarse de año bisiesto (febrero de 1996 tuvo 29 días) dicho término de 366 días venció el 17 de julio de 1996, el mismo día que ella cumplió 22 años de edad.