EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Administración del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico<br><br>Recurrida<br><br>v.<br><br>Ex Parte<br><br>Procurador de Relaciones de Familia<br><br>Peticionario | Certiorari<br><br>2016 TSPR 239<br><br>196 DPR ____ |

Número del Caso: CC-2014-783

Fecha: 30 de noviembre de 2016

Tribunal de Apelaciones:

    Región Judicial de Mayagüez-Aguadilla-Aibonito, Panel X

Oficina de la Procuradora General:

   Lcda. Margarita Mercado Echegaray
   Procuradora General

   Lcda. Tanaira Padilla Rodríguez
   Subprocuradora General

   Lcda. Karla Z. Pacheco Álvarez
   Subprocuradora General

   Lcda. Lesy A. Irizarry Pagán
   Procuradora General Auxiliar

Abogado de la Parte Recurrida:

   Lcdo. Isaías Ojeda González
   Lcdo. Luis M. Collazo Rodríguez

Materia: Intervención de los procuradores de Asuntos de Familia en procedimientos de consignación judicial a favor de persona incapaz o menor de edad.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Administración del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico<br><br>     Recurrida<br><br>       v.<br><br>Ex Parte<br><br>Procurador de Relaciones de Familia<br><br>     Peticionario | **Núm.** CC-2014-0783 | |

Opinión del Tribunal emitida por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 30 de noviembre de 2016.

El caso de autos requiere que nos expresemos en torno a la intervención de los Procuradores de Asuntos de Familia en controversias que se refieren a la consignación judicial de cierta cuantía de dinero. Originalmente, la controversia se limitaba a determinar -cuando un proceso de consignación se refiere a un menor de edad- si era preciso obtener autorización judicial y, en consecuencia, requerir la intervención de la Procuradora de Asuntos de Familia para que ésta compruebe la corrección de la cuantía consignada.

Ahora bien, tras un cambio en el trasfondo fáctico de la controversia -acaecido durante el trámite apelativo-, es preciso resolver si la imposición de estos requisitos aplica igualmente a supuestos en que el procedimiento de consignación se realice a favor de una persona mayor de edad

declarada incapaz judicialmente por la imposibilidad de regir su persona y sus bienes. En cualquier caso, la respuesta sería la misma. Veamos.

I

El Sr. Samuel Echevarría Colón falleció el 19 de marzo de 2013. Al momento de su fallecimiento, el señor Echevarría Colón pertenecía a la matrícula de la Administración del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico (AEELA). Con relación a las aportaciones que éste había acumulado por años de servicio como empleado público, el señor Echevarría Colón había designado como beneficiarias a su esposa, la Sra. Socorro Pérez Valentín y a su hija, procreada con la Sra. Marilú Carrión Hernández, Socorro Echevarría Carrión. Tras la muerte del señor Echevarría Colón, la señora Pérez Valentín recibió oportunamente el pago de los beneficios correspondientes. La hija del señor Echevarría Colón y la señora Carrión Hernández, sin embargo, no recibió el pago que le correspondía, por razón de ser menor de edad y, consecuentemente, carecer de capacidad para aceptar el mismo. En los procedimientos, la menor fue representada por su madre con custodia y patria potestad, la señora Carrión Hernández. En atención a esto, la Administración del Sistema de Retiro (Administración) presentó, ante el Tribunal de Primera Instancia, una petición de consignación por la cantidad de $34,291.41, en concepto de los beneficios que le correspondían a la menor.

A pesar de tener ante sí todos los documentos relacionados con la participación de la menor en los beneficios del Sistema de Retiro de su padre, el Tribunal de Primera Instancia, mediante resolución y orden notificada el 16 de abril de 2014, denegó la petición de consignación y ordenó que ésta se enmendase para incluir a la menor como parte demandada. Asimismo, el Tribunal de Primera Instancia ordenó la devolución del dinero consignado.[1]

Luego de que la reconsideración solicitada fuera declarada *no ha lugar*, el 16 de junio de 2014, la Administración acudió al Tribunal de Apelaciones mediante un recurso de *certiorari*. El 30 de junio de 2014, el foro apelativo intermedio emitió una sentencia revocando el dictamen del foro primario. Además, ordenó *motu proprio* que se iniciara un procedimiento de autorización judicial y que la Procuradora de Asuntos de Familia comprobara que la cuantía que se le debía a la menor era correcta previo a la consignación y consiguiente liberación del deudor.

Inconforme con tal determinación, el Procurador de Asuntos de Familia, por conducto de la Procuradora General, presentó una *Comparecencia especial en solicitud de reconsideración* ante el Tribunal de Apelaciones. En ésta,

---

[1] El Tribunal de Primera Instancia estimó que la solicitud presentada por la Administración constituía una solicitud de *interpleader* al amparo de la Regla 19 de Procedimiento Civil, Reglas de Procedimiento Civil, R. 19, 32 LPRA Ap. V, R. 19. Esto, a pesar de que la intención de la Administración era meramente consignar la cuantía en beneficio de la menor, cual beneficiaria, y no obligar a partes adversas a litigar entre sí, tal y como requiere la referida Regla.

sostuvo que el Tribunal de Apelaciones había errado al atribuirle al Procurador de Asuntos de Familia funciones y deberes que por ley no le correspondían. Específicamente, arguyó que el Procurador no estaba facultado en ley para participar de un procedimiento de consignación con el propósito de corroborar la corrección del monto adeudado, aun cuando la beneficiaria fuese una menor.

El Tribunal de Apelaciones, por su parte, declaró *no ha lugar* la reconsideración presentada. Al así proceder, el foro apelativo intermedio razonó que la aceptación de la consignación afectaba los intereses de la menor, ya que el pago extinguiría el crédito existente. Expresó el Tribunal de Apelaciones que "[e]mitir un dictamen sobre lo solicitado no resulta oneroso para la Procuradora y constituye una precaución razonable para proteger los derechos de la menor". *Apéndice*, en las págs. 3-4.

Así las cosas, el 19 de septiembre de 2014, la Procuradora General, en representación del Procurador de Asuntos de Familia, presentó una petición de *certiorari* ante este Foro. Planteó, en esencia, que el Tribunal de Apelaciones había errado al ordenar al Procurador de Asuntos de Familia intervenir en un procedimiento de consignación. Alegó, además, que el Tribunal de Apelaciones había errado al ordenar que, previo a la consignación, se iniciara un procedimiento de autorización judicial. Argumentó, por tanto, que el foro apelativo intermedio erró al pretender

consolidar dos procedimientos legales distintos en uno solo. El 12 de diciembre de 2014, expedimos el auto solicitado

Conforme lo dispuesto en la Regla 21 del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B R. 21, según enmendado, tanto la Procuradora de Asuntos de Familia como la AEELA presentaron sus correspondientes alegatos. En lo pertinente, la Procuradora trajo a nuestra atención que, pendiente la expedición del recurso de *certiorari*, la menor advino a la mayoría de edad. Asimismo, nos informó que la señora Carrión Hernández presentó el 11 de febrero de 2015, ante el Tribunal de Primera Instancia, una acción sobre declaración de incapacidad y nombramiento de tutor referente a la señora Echevarría Carrión. Ello, pues, alegó que ésta sufría de condiciones mentales incapacitantes.

En sus correspondientes alegatos, tanto la Procuradora como la AEELA arguyeron que este cambio fáctico no tornaba académica la controversia ante nuestra consideración, por lo que no debía afectar la disposición del presente recurso. Asimismo, posteriormente, el Procurador de Asuntos de Familia presentó un escrito titulado *Moción del Procurador de Asuntos de Familia solicitando se acepten documentos pertinentes al presente caso, que surgieron con posterioridad a la presentación de la petición de certiorari*. En síntesis, incluyó ciertos documentos relacionados con el procedimiento de declaración de incapacidad y nombramiento de tutor con tal de reiterar su

posición en torno a la vigencia de la controversia planteada.

En aras de auscultar el resultado del procedimiento de declaración de incapacidad y nombramiento de tutor instado por la señora Carrión Hernández, el 7 de octubre de 2016, emitimos una *Resolución* en la que le ordenamos a las partes a que nos informaran sobre el estado de este proceso. Asimismo, las partes debían expresase en torno a cómo el referido procedimiento repercutía en la disposición del recurso ante nuestra consideración.

Oportunamente, el 1 de noviembre de 2016, el Procurador presentó la *Moción del Procurador de Asuntos de Familia en cumplimiento de resolución*. Mediante ésta, nos informó que, el 28 de septiembre de 2016, el foro primario declaró incapaz a la señora Echevarría Carrión y nombró a su madre, la señora Carrión Hernández, como su tutora.[2]

De otra parte, el Procurador reafirmó su postura de que la controversia ante nuestra consideración no se ha tornado académica. En esencia, informó que los fondos en cuestión todavía no han sido pagados. Por ello, tras la declaratoria de incapacidad, se "mantiene vigente la necesidad de que los $34,291.41 de los que [é]sta es

---

[2] Por otro lado, el Procurador informó que, el 14 de octubre de 2016, la señora Carrión Hernández presentó una moción de reconsideración con tal de aclarar dos determinaciones de hecho. Mediante una *Resolución y orden*, notificada el 20 de octubre de 2016, el Tribunal de Instancia proveyó *con lugar* la reconsideración, mas no alteró el resultado del caso. Consecuentemente, el Procurador hizo constar que la referida determinación aún no es final y firme, ya que no han culminado los términos correspondientes para recurrir en alzada.

beneficiara sean consignados en el Tribunal, hasta tanto se solicite la utilización de los mismos mediante el procedimiento correspondiente". *Moción*, pág. 4. Por último, reiteró su argumento de que la cuestión planteada era una recurrente ante los tribunales.

Considerado todo lo anterior, procedemos a resolver.

## II

En nuestro ordenamiento, la figura de la consignación judicial procura brindar a un deudor un mecanismo mediante el cual pueda liberarse de su obligación. De esta manera, la consignación supone una forma de pago que le permite al deudor solicitar a un tribunal que ordene la cancelación de la obligación. *Véase* Cód. Civ. P.R. Art. 1134, 31 LPRA sec. 3184. Asimismo, el Artículo 1134 del Código Civil establece que "[m]ientras el acreedor no hubiere aceptado la consignación, o no hubiere recaído declaración judicial de que está bien hecha", la obligación podrá subsistir si el deudor retira la cuantía consignada. 31 LPRA sec. 3184. Es decir, la consignación surte el efecto liberatorio que persigue en dos instancias distintas; a saber: (1) mediante la aceptación de la cuantía consignada por parte del acreedor, o (2) por vía de una declaración judicial a los efectos de que la consignación se realizó conforme a Derecho. Para la concreción de esta última, el Tribunal deberá evaluar, entre otras cosas, el cumplimiento con los requisitos que el Código Civil dispone para el pago por consignación.

Según el Código Civil, la consignación, de ordinario, debe estar precedida por una oferta de pago. *Véase* 31 LPRA sec. 3180. De ahí que la consignación ostente un carácter coactivo, pues permite la extinción de la deuda aun ante la negativa por parte del acreedor a recibir el pago. *Véase id.* En caso de que el acreedor se encuentre ausente o incapacitado para recibir el pago, el Artículo 1130 del Código Civil preceptúa que "[l]a consignación por sí sola producirá el mismo efecto [liberatorio]" 31 LPRA sec. 3180. No obstante, para que se produzca ese efecto, es necesario que el deudor anuncie a las personas interesadas en la obligación su intención de consignar lo debido. *Véase* 31 LPRA sec. 3181.

Posterior al anuncio, el deudor depositará "las cosas debidas a disposición de autoridad judicial, ante quien se acreditará el ofrecimiento en su caso, y el anuncio de la consignación en los demás". 31 LPRA sec. 3182. Efectuada la consignación, los interesados deberán igualmente ser notificados de ésta. *Véase* 31 LPRA sec. 3182. Por último, el Artículo 1131 del Código Civil establece que "[l]a consignación será ineficaz si no se ajusta estrictamente a las disposiciones que regulan el pago". 31 LPRA sec. 3181. Es decir, para que se considere bien hecha la consignación y pueda decirse que ésta constituye el pago de lo debido, es indispensable que el pago se haga "a la persona en cuyo favor estuviese constituida la obligación, o a otra autorizada para recibirla en su nombre". 31 LPRA sec. 3166.

Al examinar las exigencias para la realización de la consignación, se puede colegir que, en aquellos casos en los que el acreedor esté incapacitado para recibir el pago, se puede prescindir del previo ofrecimiento de pago. Esto es, "la consignación por sí sola producirá el mismo efecto liberatorio de la figura, sin que el propio texto de la ley requiera la oferta previa contemplada en el párrafo primero". Manuel J. Vera Vera, *La oferta de pago y la consignación: su eficiencia liberatoria en el pago dinerario a menores mediante el procedimiento de jurisdicción voluntaria*, 36 Rev. Der. P.R. 1, 9 (1997).

Por otro lado, cabe recordar que la incapacidad supone la falta de la voluntad que la ley considera necesaria para que de los actos humanos deriven efectos jurídicos. Véase A. von Tuhr, *Derecho Civil Volumen I$^2$ Las Personas* 379-380, Ediciones Jurídicas y Sociales, S.A. (1999). En lo que nos concierne, tanto la minoría de edad como la demencia figuran como restricciones a la capacidad de obrar. Véase 31 LPRA sec. 82. Ciertamente, ante estos supuestos de incapacidad, la restricción o limitación a la capacidad de obrar se puede suplir mediante la figura de la patria potestad o la institución de la tutela. Véase *Bonilla Ramos v. Dávila Medina*, 185 DPR 667, 678 (2012).

Por tanto, en aquellas instancias donde una persona mayor de edad ha sido declarada judicialmente incapaz, le compete a su tutor actuar como su representante legítimo en un proceso de consignación en el que el incapacitado tenga

un interés propietario sobre la cuantía consignada. Ello, pues, "[e]l tutor representa al menor o incapacitado en todos los actos civiles, salvo aquellos que por disposición expresa de la ley pueden ejecutar por sí solos". 31 LPRA sec. 781.

De forma similar ocurre en instancias donde la incapacidad del acreedor consiste en la minoría de edad. Claro está, en éstos supuestos corresponderá a quien ostente su patria potestad actuar como su representante legítimo en el proceso de consignación. Esto, puesto que según lo prescrito el Artículo 153 del Código Civil, "[e]l padre y la madre tienen, respecto de sus hijos no emancipados el deber de . . . representarlos en el ejercicio de todas las acciones que puedan redundar en su provecho". 31 LPRA sec. 601. Véase, además, *Biaggi v. Corte, y Esbri Vda. de Bauzá, Interventora*, 68 DPR 407, 409 (1948); *Agostini v. Registrador*, 39 DPR 577 (1929). Asimismo, el Artículo 154 del Código Civil dispone que "[l]a administración de los bienes de los hijos que estén bajo la patria potestad pertenece, en ausencia de decreto judicial al efecto, a ambos padres conjuntamente o a aquel que tenga bajo su custodia y potestad al menor". 31 LPRA sec. 611.

Por último, es importante destacar que, en aquellos casos en los que los padres tengan intereses opuestos a los de sus hijos, el Artículo 160 del Código Civil establece que "el Tribunal de Primera Instancia nombrará a éstos un defensor judicial que los represente en juicio y fuera de

él". 31 LPRA sec. 617. También en aras de salvaguardar los intereses de los menores, el Artículo 159 exige, además, previa autorización judicial en lo que concierne a actos de administración de los bienes de un menor cuyo valor exceda los $2,000. *Véase* 31 LPRA 616.[3] Esta autorización judicial, a su vez, tiene el propósito de suplir la falta de capacidad del menor en la transacción. *Véase In re: García Cabrera*, 188 DPR 196, 209 (2013).

### III

Como hemos visto, para que una consignación judicial a favor de un incapaz o un menor surta el efecto de liberar al deudor y, consiguientemente, extinga la obligación, es preciso que el representante legítimo de éste supla la falta de capacidad y acepte la cuantía consignada. En ausencia de tal aceptación, el deudor podrá quedar igualmente liberado cuando recaiga una declaración judicial a los efectos de que la consignación estuvo bien hecha. Véase 31 LPRA sec. 3184. En este caso, al instar su petición de consignación ante el Tribunal de Primera Instancia, la Administración presentó todos los documentos relacionados con la participación de la señora Echevarría Carrión en las aportaciones que su padre

---

[3] Además de estar contemplada en nuestro Código Civil, la autorización judicial está regulada por el Artículo 614 del Código de Enjuiciamiento Civil. En lo que atañe al caso ante nuestra consideración, basta con subrayar que la misma sólo es requerida "[e]n todos los casos en que según el Código Civil necesitan los padres o el tutor de un menor o incapaz autorización judicial para actos o contratos que se refieren a la guarda de dicho menor o incapaz y de sus bienes". 32 LPRA sec. 2721. En atención a que claramente no nos encontramos ante uno de esos casos, estimamos innecesario una discusión prolija de los contornos sustantivos y procesales de esta figura.

hiciera en vida al Sistema de Retiro. Asimismo, la Administración cumplió con el requisito de notificar a ésta y al Procurador de Relaciones de Familia, como parte interesada, de la solicitud para consignar los fondos. A pesar de estos trámites, el foro primario, en lo pertinente, denegó la petición de consignación y ordenó la devolución del dinero consignado.

Por su parte, el Tribunal de Apelaciones concluyó que previo a la consignación, resultaba necesario iniciar un procedimiento de autorización judicial y que la Procuradora de Asuntos de Familia debía comparecer para comprobar la corrección de la cuantía consignada. Esto, por tratarse de una transacción que extinguiría un crédito cuya suma excedía los $2,000. Así, el Tribunal de Apelaciones fundamentó su determinación de requerir la iniciación de un procedimiento de autorización judicial y la comparecencia de un procurador de familia en el hecho de que la aceptación de la consignación afectaba los intereses de la señora Echevarría Carrión. Esto, a pesar de que no surge del expediente que la madre de ésta hubiese solicitado el retiro, utilización o liquidación de los fondos consignados.

Por último, es importante señalar que el Artículo 75 de la *Ley orgánica del Departamento de Justicia*, delimita los asuntos relacionados con menores en los que los procuradores de asuntos de familia deben intervenir. Específicamente, el inciso (a) establece que, "en procedimientos sobre autorización judicial, declaratoria de herederos y

administración judicial cuando la cuantía de los bienes objeto del procedimiento no exceda de mil dólares ($1,000)". 3 LPRA sec. 295a (a). Claramente, no nos encontramos ante ninguna de las situaciones que ese inciso contempla. Por tanto, el Tribunal de Apelaciones, al requerir la intervención de la Procuradora de Asuntos de Familia, amplió indebidamente las facultades conferidas a esa servidora por Ley.[4]

En este caso, los intereses de la señora Echevarría Carrión están adecuadamente representados por su progenitora, quien, como se indicó, no tiene intereses incompatibles con los de su hija. Siendo ella la persona que ostenta la tutela de la señora Echevarría Carrión, es la responsable de representar a ésta en el procedimiento judicial de consignación. Esto, sin necesidad de autorización ulterior. A esos efectos, la Regla 15.2 de Procedimiento Civil establece diáfanamente que "[u]na persona mayor de edad o emancipada que esté judicialmente incapacitada deberá comparecer por medio de su tutor o tutora general". Reglas de Procedimiento Civil, R. 15.2, 32 LPRA Ap. V, R. 15.2. Asimismo, en casos en que se trate de una persona menor de edad, el representante legítimo será quien ostente la patria potestad. *Véase id.* Por ende, según

---

[4] Destacamos, además, que sería irrazonable requerir que los procuradores de asuntos de familia deban comparecer y corroborar la corrección de la cuantía en todo procedimiento *ex parte* de consignación. Es función del Tribunal, en base a los documentos presentados, determinar la corrección de la cuantía consignada en este tipo de casos y determinar si la consignación cumple con los requisitos esbozados anteriormente.

adelantamos, en ambos supuestos le corresponderá al tutor general o al progenitor con patria potestad la facultad de aceptar la consignación realizada por el deudor.[5]

**V**

Por los fundamentos que anteceden, erró el Tribunal de Apelaciones al supeditar el procedimiento de consignación a un procedimiento de autorización judicial que, en este caso, era totalmente innecesario. Consiguientemente, se revoca el dictamen recurrido y se devuelve el caso al Tribunal de Primera Instancia para que continúe el procedimiento de consignación de conformidad con lo aquí resuelto.

Anabelle Rodríguez Rodríguez
Juez Asociada

---

[5] Reconocemos que este dictamen aplica a supuestos fácticos que cambiaron durante el transcurso del trámite apelativo ante este Tribunal. No obstante, consideramos que el caso ante nuestra consideración no se tornó académico. Según comentamos, las aportaciones acumuladas en AEELA aún continúan en espera de ser percibidas por la beneficiaria. Claro está, ello en consecuencia del dictamen del foro apelativo intermedio.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Administración del Sistema de Retiro de los Empleados del Gobierno del Estado Libre Asociado de Puerto Rico<br><br>Recurrida<br><br>v.<br><br>Ex Parte<br><br>Procurador de Relaciones de Familia<br><br>Peticionario | **Núm.** CC-2014-0783 |

SENTENCIA

San Juan, Puerto Rico, a 30 de noviembre de 2016

Por los fundamentos que anteceden, erró el Tribunal de Apelaciones al supeditar el procedimiento de consignación a un procedimiento de autorización judicial que, en este caso, era totalmente innecesario. Consiguientemente, se revoca el dictamen recurrido y se devuelve el caso al Tribunal de Primera Instancia para que continúe el procedimiento de consignación de conformidad con lo aquí resuelto.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo, Interina. El Juez Asociado señor Estrella Martínez concurre con el resultado sin opinión escrita. La Jueza Asociada señora Pabón Charneco disiente sin opinión escrita. El Juez Asociado señor Rivera García disiente sin opinión escrita. El Juez Asociado señor Kolthoff Caraballo no intervino.

Sonnya Isabel Ramos Zeno
Secretaria del Tribunal Supremo, Interina