EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Geraldo Rivera Marrero<br><br>Peticionario<br><br>v.<br><br>Sandra E. Santiago Martínez<br><br>Recurrida | Certiorari<br><br>2019 TSPR 192<br><br>203 DPR ____ |

Número del Caso: CC-2017-882


Fecha: 7 octubre de 2019


Tribunal de Apelaciones:

    Región Judicial de Ponce y Aibonito, Panel IX


Abogada de la parte peticionaria:

    Lcda. Hilda Esther Colón Rivera


Abogado de la parte recurrida:

    Lcdo. Dennis H. Núñez Ríos


Defensor Judicial:

    Lcdo. José Ángel Santini Bonilla



Materia: Derecho de Familia - Impugnación de paternidad - El haber omitido en el epígrafe el nombre del menor, no priva de jurisdicción al tribunal, si de las alegaciones de la demanda se desprende que el menor es parte en el pleito y este fue emplazado correctamente


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Geraldo Rivera Marrero

Peticionario

v.

CC-2017-0882    *Certiorari*

Sandra E. Santiago Martínez

Recurrida

**EL JUEZ ASOCIADO SEÑOR RIVERA GARCÍA emitió la opinión del Tribunal.**

En San Juan, Puerto Rico, a 7 de octubre de 2019.

La controversia planteada en este caso gira en torno a una impugnación de paternidad. Específicamente, nos corresponde resolver si el hecho de que el nombre de un menor no consta en el epígrafe de la demanda, como parte nominal, es suficiente en derecho para desestimar una causa de acción ante una alegación de ausencia de parte indispensable. Ello, a pesar de que se incluyó en las alegaciones como demandado y se emplazó conforme a derecho. En otros términos, si en una acción de impugnación de paternidad el tribunal tiene jurisdicción sobre un menor que fue emplazado, pero en el epígrafe de la demanda no constaba su nombre.

El caso, a su vez, nos lleva a examinar la figura del defensor judicial y a determinar si es una obligación exclusiva de quien impugna el solicitar que se nombre a un defensor judicial para que los intereses del menor queden debidamente protegidos.

En ese contexto, aprovechamos para reiterar nuestros pronunciamientos en *Bonilla Ramos v. Dávila Medina*, 185 DPR 667 (2012) y *Sánchez Rivera v. Malavé Rivera*, 192 DPR 854 (2015). Veamos el trasfondo fáctico y procesal que dio génesis al asunto que nos ocupa.

I

El 21 de noviembre de 2014 el Sr. Geraldo Rivera Marrero (señor Rivera Marrero o el peticionario) presentó por derecho propio una demanda de impugnación de paternidad contra la Sra. Sandra Enid Santiago Martínez (señora Santiago Martínez o la recurrida). Alegó que por ciertas manifestaciones que la recurrida realizó a terceros tuvo base razonable para creer que no era el progenitor de JGRS. Adujo que, durante el mes de junio de 2013, mientras el menor se encontraba visitándolo en Texas, se realizaron una prueba de ADN. Sostuvo que la prueba arrojó un resultado negativo que lo excluyó como padre biológico de JGRS. Ante esta nueva realidad, acudió al tribunal y solicitó que se finiquitara su obligación de proveer pensión alimenticia. Además, expresó que **"[d]ado a que se trata de un menor de edad, entendemos prudente el que se designe un defensor**

**judicial para que los derechos del menor sean protegidos**".
(Énfasis en el original). Ese mismo día la Secretaría del
tribunal expidió **dos emplazamientos**; uno a nombre de la
recurrida y el otro a nombre de JGRS, por conducto de
Sandra Enid Santiago Martínez.[1] Ambos emplazamientos se
diligenciaron al día siguiente mediante entrega personal.

Interpuesta la demanda, la señora Santiago Martínez
presentó una *Moción de desestimación*.[2] Alegó que procedía
desestimar la acción de impugnación de paternidad ya que se
presentó fuera del término de caducidad de seis meses
dispuesto en la Ley Núm. 215-2009. Arguyó que ese término
no puede ser interrumpido o suspendido, por lo que el
derecho se extingue con el mero transcurso del tiempo.

Por su parte, el peticionario presentó su oposición
mediante *Réplica [a] moción [de] desestimación*.[3] En lo
pertinente, alegó que no pudo incoar su causa de acción
dentro del referido término ya que se encontraba sirviendo
en el Ejército de Estados Unidos. Sostuvo que como miembro
de las Fuerzas Armadas está cobijado por la *Servicemembers
Civil Relief Act* (SCRA), 50 USCA sec. 501, *et seq*. Así,
puntualizó que el estatuto federal extiende el periodo que
tiene una persona para ejercer una acción o procedimiento
legal mientras esté activo en el ejército. En consecuencia,
afirmó que su demanda no había caducado.

---

[1] Apéndice de la Petición de *certiorari*, págs. 89-92.
[2] Íd., págs. 93-95.
[3] Íd., págs. 96-101.

Así las cosas, el 20 de febrero de 2015 el Tribunal de Primera Instancia emitió una *Resolución* en la que determinó que al peticionario lo cobijaba la ley federal. En consecuencia, resolvió que la demanda de impugnación de paternidad se presentó oportunamente. En su dictamen concedió al peticionario un término de treinta días, para presentar prueba oficial que acreditara y certificara que durante el periodo que comprende de junio de 2013 a noviembre de 2014 estuvo sirviendo como miembro activo de las Fuerzas Armadas de Estados Unidos.[4] Posteriormente, ese foro notificó una *Resolución* mediante la cual certificó que el señor Rivera Marrero presentó la prueba requerida y decretó la continuación de los procedimientos.[5] A tales efectos, ordenó a las partes a realizarse la pruebas inmunohematológicas y de histocompatibilidad.

Inconforme con este proceder, la señora Santiago Martínez presentó una *Moción en solicitud de reconsideración*.[6] En esencia, refutó que el peticionario estuviera cobijado por las regulaciones o leyes federales invocadas. El foro primario proveyó no ha lugar a su solicitud. Aún en desacuerdo, la recurrida acudió al Tribunal de Apelaciones y reprodujo el mismo planteamiento.

---

[4] *Resolución*, Apéndice de la Petición de *certiorari,* págs. 103-105. Ello, ya que la prueba que presentó únicamente demostraba que se encontraba establecido en la base militar de Fort Hood, Texas y que estaba autorizado a ausentarse de su trabajo por un periodo de tiempo en lo que se dilucidaba el pleito. Véase Apéndice de la Petición de *certiorari*, pág. 76.

[5] Véase *Resolución*, Apéndice de la Petición de *certiorari*, pág. 116.

[6] Apéndice de la Petición de *certiorari*, págs. 106-108.

El foro apelativo intermedio dictó una *Resolución* en la que confirmó el dictamen del foro primario. Concluyó que no hubo abuso de discreción del Tribunal de Primera Instancia al determinar que la demanda se interpuso a tiempo. En consecuencia, denegó el recurso de *certiorari* que presentó la señora Santiago Martínez. Esta no solicitó revisión del dictamen.

Continuados los procedimientos ante el Tribunal de Primera Instancia, la recurrida presentó una *Moción informativa y en solicitud de orden*.[7] Expresó que no se le notificó el resultado de la prueba que se realizó al menor y al peticionario. Sostuvo, además, que no se había nombrado un defensor judicial al menor, **a pesar de que el señor Rivera Marrero lo solicitó en la demanda**.[8] En su comparecencia, el abogado de la recurrida dejó establecido que él no era el representante legal del menor, sino de la señora Santiago Martínez. Ante ello, **manifestó que procedía que se nombrara a este último un defensor judicial**. El 28 de octubre de 2016 el Tribunal de Primera Instancia designó al Lcdo. José A. Santini Bonilla como defensor judicial de JGRS.[9]

El 13 de enero de 2017 el licenciado Santini Bonilla compareció mediante *Memorando de derecho y solicitud de*

---

[7] Íd., pág. 120.

[8] Íd. Véase *Demanda*, Apéndice de la Petición de *certiorari*, pág. 60.

[9] Íd., pág. 122. En la *Orden* señaló la vista de impugnación de paternidad para el 2 de noviembre de 2016.

*desestimación*.[10] En síntesis, alegó que el emplazamiento que se expidió a nombre de JGRS, a través de su madre, es nulo ya que este nunca fue parte del pleito. Sustentó que si hubiese sido la intención del peticionario demandar al menor debió incluirlo en el epígrafe como parte demandada. Si bien reconoció que el señor Rivera Marrero expresó en la demanda la necesidad de que se nombrara a un defensor judicial, consideró que "en ninguna otra instancia del pleito lo reiteró".[11] Estimó que transcurrieron más de dos años, desde que se presentó la acción legal, sin que el menor haya estado representado en el litigio. En consecuencia, arguyó que procedía la desestimación de la demanda con perjuicio.

En desacuerdo con ese parecer, el señor Rivera Marrero presentó *Réplica y oposición a memorando de derecho y solicitud de desestimación*.[12] Refutó las alegaciones del licenciado Santini Bonilla y expresó que cuando presentó la demanda solicitó al tribunal que asignaran un defensor judicial al menor. Sin embargo, esbozó que fue el Tribunal de Primera Instancia el que falló al no nombrarlo. Destacó que el menor fue debidamente emplazado conforme a las Reglas de Procedimiento Civil y dentro del término de caducidad correspondiente, por lo que el tribunal adquirió

---

[10] Apéndice de la Petición de *certiorari,* págs. 123-128.
[11] Íd.
[12] Íd., págs. 129-140.

jurisdicción sobre su persona.[13] Añadió que, luego de que el foro de primera instancia resolvió que la demanda se presentó dentro de los términos provistos en la ley correspondiente, la señora Santiago Martínez no acudió en revisión ante el foro de mayor jerarquía, por lo que el dictamen del foro apelativo advino final y firme.

Luego de evaluar los planteamientos de las partes, el Tribunal de Primera Instancia dictó una *Sentencia* mediante la cual desestimó la demanda de impugnación de paternidad por falta de parte indispensable. En el dictamen consignó las determinaciones de hechos siguientes:

> 1. El menor JGRS nació el 26 de diciembre de 2002 durante la vigencia del matrimonio entre las partes.

> 2. Mediante Sentencia de divorcio del 27 de agosto de 2009, enmendada el 5 de noviembre de 2009, el vínculo matrimonial quedó disuelto por la causal de consentimiento mutuo.

> 3. El demandante Geraldo Rivera Marrero se mantuvo activo en el servicio militar hasta el 20 de marzo de 2015.

> 4. El 21 de noviembre de 2014, el demandante Rivera Marrero presentó demanda de impugnación de paternidad contra la demandada Santiago Martínez.

> 5. El demandante no incluyó al menor como parte indispensable en la demanda.

> 6. El demandado incluyó en su alegación #13 de la demanda de impugnación de paternidad, la siguiente expresión: **"*Dado que se trata de un***

---

[13] El 2 de febrero de 2017 el defensor judicial del menor compareció mediante *Dúplica a réplica y oposición a memorando de derecho y solicitud de desestimación*. Planteó, nuevamente, que no procedía expedir el emplazamiento al menor ya que este no era parte de la demanda. Arguyó que un "emplazamiento mal expedido" no subsana el error de no incluir parte indispensable en el pleito. Véase Apéndice de la Petición de *certiorari*, págs. 141-142 y 143-146, respectivamente.

*menor de edad, entendemos prudente que se designe un defensor judicial, para que los derechos del menor sean protegidos".*

**7. El 21 de noviembre de 2014, a solicitud del demandante, la Secretaría del tribunal expidió dos emplazamientos: uno dirigido a la demandada Sandra Enid Santiago Martínez y el otro a [JGRS] por conducto de Sandra Enid Santiago Martínez.**

8. Ambos emplazamientos fueron diligenciados el 4 de diciembre de 2014.

9. El demandante no presentó una solicitud expresa para la designación de un Defensor Judicial para el menor, **posteriormente.**

10. El demandante no enmendó la demanda, ni solicitó autorización al tribunal para enmendar la demanda de impugnación de paternidad, a los fines de incluir como demandado al menor JGRS.

11. El 18 de marzo de 2016, se ordenaron las pruebas de ADN y las mismas fueron realizadas el 13 de junio de 2016. El resultado de las pruebas fue excluyente en cuanto al vínculo biológico del demandante con el menor.

12. El 28 de octubre de 2016, se designó al Lcdo. José A. Santini Bonilla como defensor judicial del menor JGRS, luego de que la demandante advirtiera al tribunal sobre la omisión.

En esta segunda ocasión, el foro de primera instancia consideró que el peticionario no incluyó al menor en el pleito ni solicitó enmendar la demanda para incluirlo como demandado. **Juzgó que "[l]a única referencia que encontr[aba] en el expediente [era] la expresión del demandante a los efectos de que 'entendía prudente' designar un defensor judicial y la realizada por el abogado**

**advirtiendo al tribunal del defecto**".[14] Entendió que "las expresiones del peticionario no cumplían con los requisitos de una *solicitud suficiente* en contenido, dirigida al tribunal para que se designara a un defensor judicial al menor tiempo".[15] (Bastardillas nuestras). En consecuencia, resolvió que carecía de jurisdicción para atender la controversia ya que tal defecto no puede ser subsanado.

Inconforme, el 11 de mayo de 2017 el señor Rivera Marrero acudió ante el Tribunal de Apelaciones. En esencia, reafirmó que no procedía desestimar su causa de acción porque el emplazamiento fue expedido conforme a derecho. Sostuvo, además, que el foro de primera instancia había pasado juicio sobre la presentación oportuna de su causa de acción y había determinado que esta no había caducado.

Mediante *Sentencia*, el foro apelativo intermedio confirmó el dictamen del foro primario. Resolvió que, a pesar de que el menor fue emplazado y de que el peticionario mencionó al menor en las alegaciones de la demanda, esta no se enmendó para incluir al menor en el término de caducidad de seis meses establecido en la Ley 215-2009, *supra*. En cuanto a la protección que otorga la SCRA, entendió que el señor Rivera Marrero "estuvo cobijado por el estatuto hasta que fue relevado del servicio militar el 22 de febrero de 2015. A partir de ese momento, [este] disponía de un término de caducidad de seis meses para

---

[14] *Sentencia*, Apéndice de la Petición de *certiorari*, págs. 43-59.
[15] Íd.

incluir al menor en el pleito como parte demandada".[16] Precisó que no fue hasta el 28 de octubre de 2016 que se nombró al defensor judicial, cuando había expirado el término para incluir el menor en el pleito.

En desacuerdo con este proceder, el peticionario presentó una *Solicitud de reconsideración*.[17] Ese foro, mediante *Resolución* de 18 de septiembre de 2017, la declaró *no ha lugar*.[18] Inconforme aún, el 27 de diciembre de 2017 el peticionario acudió ante este Tribunal y planteó los señalamientos de error siguientes:

> A. SI EL MERO HECHO DE QUE EL NOMBRE DEL MENOR NO CONSTE EN EL EPÍGRAFE COMO PARTE NOMINAL ES SUFICIENTE EN DERECHO PARA DESESTIMAR UNA CAUSA DE ACCIÓN POR FALTA DE PARTE INDISPENSABLE, A PESAR DE QUE EN LAS ALEGACIONES DE LA DEMANDA SURGE QUE ÉSTE FUE INCLUIDO COMO DEMANDADO Y SE SOLICITÓ EL NOMBRAMIENTO DE UN DEFENSOR JUDICIAL, Y FUE DEBIDAMENTE EMPLAZADO CONFORME A DERECHO TODO ELLO DENTRO DEL TÉRMINO DE CADUCIDAD.
>
> B. HABIÉNDOSE EMPLAZADO AL MENOR CONFORME A DERECHO DENTRO DEL TÉRMINO DE CADUCIDAD, Y TENIENDO PRESENTE QUE EN LAS ALEGACIONES DE LA DEMANDA SURGE QUE ÉSTE FUE INCLUIDO, ERRÓ TANTO EL TPI COMO EL TA EN DESESTIMAR LA CAUSA DE ACCIÓN, YA QUE EL CONCEPTO "PARTE" ESTA ATADO AL EMPLAZAMIENTO.

En síntesis, reafirma que el menor fue emplazado conforme a derecho, traído al pleito dentro del término de caducidad y que el defensor judicial no impugnó el diligenciamiento. Puntualiza que en nuestro ordenamiento jurídico la persona cuyo nombre se incluye en el epígrafe

---

[16] *Sentencia*, Apéndice de la Petición de *certiorari*.
[17] Apéndice de la Petición de *certiorari*, pág. 149.
[18] Íd., pág. 162.

de la demanda, pero no se emplaza, se considera parte nominal. Añade que es con el diligenciamiento del emplazamiento que la persona se convierte propiamente en parte del pleito. Ante ello, plantea que el emplazamiento es lo que da paso al debido proceso de ley y el cual viabiliza el ejercicio de la jurisdicción judicial. En consecuencia, sostiene que no procedía desestimar la demanda de impugnación de paternidad.

De otra parte, el defensor judicial presentó un *Alegato del menor*. Aduce que el hecho de que el menor se mencionó en las alegaciones de la demanda y se diligenció un emplazamiento a su nombre no subsana la deficiencia de omitir una parte indispensable. Sostiene que el emplazamiento que emitió la Secretaría del tribunal es nulo y no proporcionó jurisdicción al tribunal sobre el menor para adjudicar la controversia conforme lo resuelto en *Bonilla Ramos v. Dávila Medina*, *supra*. Así las cosas, la recurrida presentó un escrito mediante el cual informó que se unía al alegato del menor.

Con el fin de atender la controversia que nos ocupa, examinaremos los preceptos legales que gobiernan la solución del caso. Particularmente, la doctrina de filiación, las vías principales para establecerla y las acciones judiciales relacionadas; los casos en los que se ha requerido la designación de un defensor judicial y la figura del emplazamiento con el fin de auscultar la jurisdicción del foro de primera instancia en este asunto.

II

A. *La doctrina de la filiación*

La filiación es la relación jurídica que procede del vínculo natural entre padres e hijos.[19] También, la hemos definido como la

> condición a la cual una persona atribuye el hecho de tener a otra u otras por progenitores suyos; es un hecho biológico consistente en la procreación de una persona por otras, una inicial realidad biológica recogida y regulada por el ordenamiento jurídico con el fin de distribuir derechos y obligaciones entre los progenitores y los seres procreados por ellos, o dicho de otra manera, entre padres e hijos.[20]

En previas interpretaciones provistas a esta figura hemos señalado que la filiación tiene una doble configuración, es decir, la filiación jurídica y la biológica.[21] De manera que, no solo vincula a los padres con los hijos, sino que impone derechos y obligaciones específicas con consecuencias jurídicas indelebles.[22] Sin embargo, la realidad biológica no siempre coincide con la jurídica.[23]

---

[19] J. Puig Brutau, *Fundamentos de Derecho Civil*, 2da ed., Barcelona, Ed. Bosch, 1985, T. IV, pág. 187.

[20] *Sánchez v. Sánchez*, 154 DPR 645, 660 (2001); *Sánchez Rivera v. Malavé Rivera*, 192 DPR 854, 862 (2015); *Vázquez Vélez v. Caro Moreno*, 182 DPR 803, 809 (2011); *Mayol v. Torres*, 164 DPR 517, 529 (2005). Véase, además, L. Díez-Picazo y A. Gullón, *Sistema de Derecho Civil*, 7ma ed., Madrid, Ed. Tecnos, 1997, Vol. IV, pág. 249.

[21] Véanse *Sánchez Rivera v. Malavé Rivera*, *supra*, pág. 862; *Mayol v. Torres*, *supra*, pág. 529.

[22] Véanse *Sánchez Rivera v. Malavé Rivera, supra*, pág. 863; *Sánchez v. Sánchez, supra,* pág. 660.

[23] *Sánchez Rivera v. Malavé Rivera, supra*, págs. 863-864; *Vázquez Vélez v. Caro Moreno, supra*, pág. 809; *Calo Morales v. Cartagena Calo*, 129 DPR 102, 112 (1991).

Ante la importancia de la relación filial, nuestro ordenamiento jurídico abrió la brecha legal para tratar, en lo posible, de reconciliar ambas realidades. En ese sentido, nuestro desarrollo jurisprudencial en materia de filiación ha tenido como norte "que brille la verdad y se reconozca a todos los fines legales la relación biológica entre padres e hijos".[24] Ello, buscando armonizar la necesidad de identificar la verdadera filiación biológica y, al mismo tiempo, promover la estabilidad filial.[25]

Existen dos circunstancias que determinan la filiación de un hijo respecto a su padre.[26] Por un lado, tenemos al hijo cobijado por una presunción de legitimidad por haber nacido vigente el matrimonio de sus padres y, por el otro, la del hijo no matrimonial.[27] En ambos casos, el Derecho ha establecido presupuestos de hecho para enlazar los efectos de la filiación. Así, el matrimonio es el hecho que vincula la filiación matrimonial y el reconocimiento es el medio para determinar la filiación no matrimonial.[28]

Ahora bien, nuestro ordenamiento jurídico vislumbra tres acciones judiciales que corresponden a la filiación, a saber: (1) la afirmación de filiación; (2) la acción de impugnación, y (3) la mixta. En esta última se busca la declaración de determinada filiación mientras que se niega

---

[24] *Sánchez v. Sánchez, supra,* pág. 662*; Ramos v. Marrero*, 116 DPR 357, 358 (1985).
[25] Véase *Sánchez Rivera v. Malavé Rivera*, *supra*, pág. 864.
[26] *Sánchez v. Sánchez, supra*, pág. 663.
[27] Íd.
[28] Íd., págs. 663-665.

otra contradictoria, ambas son interdependientes entre sí.[29]

En lo pertinente al asunto ante nos, la acción de impugnación de filiación está regulada por los Artículos 113 a 117 del Código Civil de Puerto Rico, 31 LPRA secs. 461-465. El Art. 117, según enmendado por la Ley Núm. 215-2009, dispone que el padre legal tiene seis meses contados a partir de la fecha en que advenga en conocimiento de la inexactitud en la filiación para instar la acción de impugnación de presunción de paternidad.[30] Para que una acción de impugnación prospere es necesario que la acción se presente oportunamente y que la misma esté basada en alegaciones específicas que, tomándolas como ciertas, demuestren a satisfacción del juzgador que existe una duda real sobre la exactitud de la filiación.[31]

Con el propósito de evitar la incertidumbre y promover la estabilidad jurídica de la relación filiatoria, el legislador dejó establecido que los términos para las acciones de impugnación sean de caducidad.[32] Sabido es que la caducidad es la decadencia de un derecho o su pérdida por no haber cumplido, en el plazo determinado, la

---

[29] *Sánchez Rivera v. Malavé Rivera*, *supra*, págs. 862-863; *Álvareztorre Muñiz v. Sorani Jiménez*, 175 DPR 398, 413-414 (2009); *Sánchez v. Sánchez*, *supra*, pág. 670.

[30] El Art. 117 del Código Civil de Puerto Rico, 31 LPRA sec. 465. La Ley Núm. 215-2009 enmendó los términos para impugnar la paternidad o la maternidad. Véase, además, *Bonilla Ramos v. Dávila Medina*, 185 DPR 667, 674-675 (2012).

[31] *Mayol v. Torres*, *supra*, pág. 554.

[32] *Álvareztorre Muñiz v. Sorani Jiménez, supra*; *Bonilla Ramos v. Dávila Medina, supra,* pág. 676; *Vázquez Vélez v. Caro Moreno, supra,* pág. 676. Véanse, además: *Sánchez Rivera v. Malavé Rivera*, *supra*, pág. 864; *González Rosado v. Echevarría Muñiz*, 169 DPR 554, 562 (2006); *Castro v. Negrón*, 159 DPR 568, 595-596 (2003).

formalidad o condición exigida por la ley.[33] Se pierde el derecho por incumplir con las formalidades o condiciones exigidas dentro del plazo determinado.[34] Contrario a la prescripción, en la caducidad, teniendo en cuenta el modo automático y directo de operar la extinción, no se dan causas de interrupción y suspensión de la misma.[35] Ello obedece a la finalidad de concretar de antemano el término dentro del cual podrá ejercitarse los derechos. Busca, además, evitar la incertidumbre de la relación filiatoria y propiciar la estabilidad jurídica.[36] Por esto, siempre que existe un término de caducidad se extingue el derecho a la causa de acción con el mero transcurso del tiempo.[37]

Por consiguiente, si la acción de impugnación no es promovida dentro del plazo fijado en ley se consolida el *status familiae* del hijo o la hija, para todos los efectos legales, por haber caducado el término.[38] Una vez transcurridos los seis meses a partir de que el presunto padre advino en conocimiento de la inexactitud filiatoria, el estado filiatorio adviene final y no podría ejercitarse

---

[33] *Castro v. Negrón*, *supra*, pág. 596 esc. 25, citando a R. Ortega-Vélez, *Compendio de derecho de familia*, San Juan, Publicaciones JTS, 2000, T. I, pág. 393. Véanse, además: *Sánchez Rivera v. Malavé Rivera*, *supra*, pág. 864; *González Rosado v. Echevarría Muñiz*, *supra*, 562.

[34] Íd.

[35] *Vázquez Vélez v. Caro Moreno*, *supra*; *Muñoz v. Ten General*, 167 DPR 297, 302 (2006); *Ortiz Rivera v. Sucn. González Martínez*, 93 DPR 562, 567 (1966).

[36] *Bonilla Ramos v. Dávila*, *supra*, pág. 676; *Vázquez Vélez v. Caro Moreno*, *supra*, pág. 813; *Álvareztorre Muñiz v. Sorani Jiménez*, *supra*, pág. 416; *González Rosado v. Echevarría Muñiz*, *supra*, pág. 568; *Castro v. Negrón*, *supra*, pág. 596.

[37] *Bonilla Ramos v. Dávila*, *supra*, pág. 676; *Vázquez Vélez v. Caro Moreno*, *supra*, pág. 813; *Muñoz v. Ten General*, *supra*, pág. 302.

[38] Véanse: *Bonilla Ramos v. Dávila Medina*, *supra*, pág. 676; *Vázquez Vélez v. Caro Moreno*, *supra*, pág. 813.

la acción de impugnación, aunque la realidad biológica no coincida con la jurídica.[39]

B. *Parte indispensable*

La Regla 16 de Procedimiento Civil, 32 LPRA Ap. V, gobierna lo relacionado a la acumulación indispensable de partes. Específicamente, la Regla 16.1 dispone que quien tenga un interés común sin cuya presencia no pueda adjudicarse una controversia, se hará parte en el pleito y se acumulará como demandante o demandada, según corresponda.[40]

Una parte se convierte en indispensable "cuando la controversia no puede adjudicarse sin su presencia ya que sus derechos se verían afectados".[41] Por esa razón, si no está presente en el litigio se trasgrede el debido proceso de ley del ausente.[42] Ante la ausencia de una parte indispensable, el tribunal carece de jurisdicción para resolver la controversia.[43]

Un menor es parte indispensable en una acción de impugnación de paternidad y la madre es, a lo sumo, una parte demandada apropiada.[44] Esto se debe a que el efecto que sobrellevaría la acción de impugnación de filiación se

---

[39] *Bonilla Ramos v. Dávila Medina, supra,* págs. 676-677.
[40] 32 LPRA Ap. V.
[41] *Bonilla Ramos v. Dávila Medina, supra*, pág. 677; *Cepeda Torres v. García Ortiz*, 132 DPR 698 (1993). Véase, además, *Mun. de San Juan v. Bosque Real, S.E.*, 158 DPR 743 (2003), citando a *Fuentes v. Tribunal de Distrito*, 73 DPR 959, 981 (1952).
[42] *Bonilla Ramos v. Dávila Medina, supra*, pág. 677; *Romero v. S.L.G. Reyes*, 164 DPR 721 (2005).
[43] Íd., págs. 678-679.
[44] Íd.

da realmente contra el menor. Esto es que el menor pasaría a pertenecer a una familia distinta.[45]

Cónsono con lo anterior, las Reglas de Procedimiento Civil también disponen que "[l]a indebida acumulación de partes no constituirá motivo para desestimar un pleito".[46] En cualquier momento el tribunal puede ordenar que se elimine o incorpore a una parte, a solicitud de esta, incluso el tribunal *motu proprio*, en cualquier estado del procedimiento.[47] Cuando el tribunal ordena la inclusión de una nueva parte, esta deberá ser traída al pleito mediante emplazamiento, a menos que la parte comparezca de forma voluntaria.[48]

C. *El emplazamiento*

El emplazamiento es un mecanismo procesal que tiene como propósito notificar al demandado sobre la existencia de una reclamación incoada en su contra.[49] Al mismo tiempo este método de notificación permite al tribunal adquirir jurisdicción sobre la persona demandada de forma tal que este quede obligado por el dictamen que en su día

---

[45] Íd.

[46] 32 LPRA Ap. V. Véase, además, J. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., T. II, Pubs. JTS, 2011, pág. 699; R. Hernández Colón, *Práctica jurídica de Puerto Rico: Derecho procesal civil*, 5ta ed., San Juan, Ed. Lexisnexis, 2010, Sec. 1110, pág. 172.

[47] Íd.

[48] Véanse *Bernier González v. Rodríguez Becerra*, 200 DPR 637 (2018); *Cirino González v. Adm. Corrección et al.*, 190 DPR 14, 29-30 (2014); *Banco Popular v. S.L.G. Negrón*, 164 DPR 855, 863 (2005); *First Bank of P.R. v. Inmob. Nac., Inc.*, 144 DPR 901, 913 (1998). Véase, además, Cuevas Segarra, *op. cit.*, págs. 722-723.

[49] *Rivera v. Jaume*, 157 DPR 562, 575 (2002).

recaiga.[50] La parte demandante tiene la obligación de dar cumplimiento estricto a los requerimientos del emplazamiento, incluso su diligenciamiento, ya que existe una política pública que requiere que la parte demandada sea emplazada y notificada debidamente para evitar el fraude y que los procedimientos judiciales se utilicen para privar a una persona de su propiedad sin el debido proceso de ley.[51]

En lo pertinente a la controversia, la Regla 4.1 de Procedimiento Civil, 32 LPRA Ap. V, dispone que, al presentar la demanda, el demandante también deberá presentar el formulario de emplazamiento.[52] Entonces, el Secretario o Secretaria del Tribunal expedirá emplazamientos individuales o adicionales contra cualesquiera partes demandadas.[53]

Al aprobarse las Reglas de Procedimiento Civil de 2009 se acogieron las recomendaciones del Comité Asesor Permanente para uniformar el formulario del emplazamiento de manera que exista una única forma oficial en cuanto al contenido.[54] En consecuencia, en el emplazamiento se hará constar el nombre de la parte demandada que se emplaza y se

---

[50] *Bernier González v. Rodríguez Becerra*, *supra*; *Márquez v. Barreto*, 143 DPR 137, 142 (1997).

[51] *First Bank of P.R. v. Inmob. Nac., Inc.*, *supra*. Véase, además, Informe de Reglas de Procedimiento Civil de diciembre de 2009.

[52] 32 LPRA Ap. V.

[53] Íd.

[54] El cambio fundamental consistió en añadir parte del lenguaje de la Regla 21 (a) de las Reglas para la Administración del Tribunal de Primera Instancia para incluir información del abogado del demandante o los de la parte demandante cuando este no tenga representación legal y precisar que la comparecencia del demandado es al tribunal. Véase Cuevas Segarra, *op. cit.*, T. I, pág. 305. Véase, además, *Sánchez Rivera v. Malavé Rivera*, *supra*, pág. 870.

expedirá un emplazamiento por separado para cada parte demandada. [55] Ciertamente, "el emplazamiento **debe** ser expedido por cada parte que esté en el epígrafe de la demanda como demandado". (Énfasis suplido).[56] Sin embargo, en *López v. Secretaria*, 162 DPR 345, 355 (2004), expresamos lo siguiente:

> [e]n una jurisdicción como la nuestra, donde lo que se requiere es que la demanda le notifique a la parte demandada, a grandes rasgos, las reclamaciones que se le están haciendo, el determinar si efectivamente se le ha notificado a una persona, natural o jurídica, las reclamaciones que se le están haciendo, **requiere de un análisis más allá de simplemente auscultar el epígrafe de la demanda.** Una determinación de esta naturaleza requiere que se analicen todas las alegaciones de la demanda, de forma conjunta, las unas con las otras. Si de este análisis surge que los demandados están razonablemente prevenidos de la reclamación que existe en su contra, se considera que la demanda es suficiente y no procede su desestimación. (Énfasis en el original omitido y énfasis suplido).[57]

Ahora bien, el emplazamiento y la demanda se diligenciarán conjuntamente. [58] El diligenciamiento se efectúa de distintas maneras dependiendo de la persona que se pretende emplazar.[59] Cuando en un pleito se demanda al padre o madre con patria potestad de un menor de menos de catorce años, en su carácter personal, y también se demanda

---

[55] Íd.

[56] Véase *Sánchez Rivera v. Malavé Rivera*, *supra*, pág. 870.

[57] En la expresión citamos la Regla 6.6 de Procedimiento Civil de 1979 la cual disponía que "[t]odas las alegaciones se interpretarán con el propósito de hacer justicia". Al aprobarse las nuevas reglas en 2009 esta regla se eliminó ya que "su contenido se encuentra implícito en el texto de la Regla 1" actual. Véase Informe de Reglas de Procedimiento Civil, pág. 83.

[58] Véase la Regla 4.4 de Procedimiento Civil, 32 LPRA Ap. V.

[59] Íd.

al menor en el mismo proceso, se requiere que cada uno de estos sea debidamente emplazado.[60] De manera que, para que el tribunal adquiera jurisdicción sobre todas las partes, es indispensable que estos sean **emplazados** conforme a derecho.[61] Ello, debido a que el menor de edad tiene una personalidad jurídica distinta a la de su padre o madre con patria potestad.[62] En otros términos, para que los menores sean parte de un pleito deben comparecer a los procedimientos judiciales representados por su padre o madre con patria potestad, su tutor general o un defensor judicial.[63]

Conforme a las Reglas de Procedimiento Civil, si el menor demandado tiene catorce años o más se le tiene que entregar una copia del emplazamiento y de la demanda a él personalmente y a su padre o madre con patria potestad. En el caso de un menor de edad que cuente con menos de catorce años, se debe diligenciar el emplazamiento mediante su entrega junto con una copia de la demanda al padre o madre con patria potestad, o en ausencia de estos a su tutor.[64] A tales efectos, en lo pertinente, la Regla 4.4 de Procedimiento Civil, *supra*, dispone que:

---

[60] Regla 4.4 (b) de Procedimiento Civil, 32 LPRA Ap. V. Véase, además, Cuevas Segarra, *op. cit.*, T. I, págs. 307-308.

[61] *Sánchez Rivera v. Malavé Rivera, supra; Vega v. Bonilla*, 153 DPR 588, 592 (2001); *Pauneto v. Núñez*, 115 DPR 591, 594 (1984).

[62] *Álvareztorre Muñiz v. Sorani Jiménez, supra*. Véase, además, Hernández Colón, *op. cit.*, pág. 161.

[63] Íd., pág. 678. Véanse, además: *Álvareztorre Muñiz v. Sorani Jiménez, supra*, pág. 419; Art. 153 del Código Civil, 31 LPRA sec. 601; Regla 15.2 de Procedimiento Civil de 2009, 32 LPRA Ap. V; Hernández Colón, *op. cit.*, pág. 149.

[64] Regla 4.4 de Procedimiento Civil, 32 LPRA Ap. V.

**b) A una persona menor de catorce (14) años de edad, entregando copia del emplazamiento y de la demanda a su padre o madre con patria potestad, o tutor o tutora.**

. . . . . . . .

A un(a) menor de edad de catorce (14) años de edad o más, entregando copia del emplazamiento y de la demanda a dicho(a) menor personalmente y a su padre o madre con patria potestad, o a su tutor(a) [. . .] (Énfasis suplido).

Por tal razón, consistentemente hemos señalado que "la falta de diligenciamiento del emplazamiento (personal o por edictos) priva al tribunal de jurisdicción sobre la persona e invalida cualquier sentencia en su contra".[65] Igualmente, hemos enfatizado que **"no es hasta que se diligencia el emplazamiento y se adquiere jurisdicción que la persona puede ser considerada propiamente parte; aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento solo es parte nominal".**[66]  (Énfasis suplido).

En *Bonilla Ramos v. Dávila Medina*, *supra*, tuvimos la oportunidad de auscultar si era suficiente emplazar únicamente a la madre del menor, quien ostentaba la custodia y la patria potestad o si, por el contrario, el menor es parte indispensable que debe incluirse en la causa de acción de filiación y, por consiguiente, emplazarlo para que el tribunal adquiera jurisdicción sobre su persona.

---

[65] *Medina v. Medina*, 161 DPR 806 (2004); *Acosta v. ABC, Inc.*, 142 DPR 927 (1997).  Véase, además, *Bernier González v. Rodríguez Becerra*, *supra*.

[66] *Sánchez Rivera v. Malavé Rivera*, *supra*, págs. 874-875; *Medina v. Medina, supra.* Véase, además, *Bernier González v. Rodríguez Becerra*, *supra*.

Allí, el padre del menor presentó una acción de impugnación de paternidad. Demandó a la madre del menor y no incluyó en la demanda al menor. El menor, quien al momento contaba con catorce años, *tampoco fue emplazado*. La Procuradora de Asuntos de la Familia, quien había sido designada por el tribunal como defensora judicial, solicitó la desestimación. Argumentó que no se ejercitó la acción ni se perfeccionó la demanda porque no se incluyó al menor como parte indispensable en el litigio en el término provisto por la Ley Núm. 215-2009. Por su parte, el peticionario planteó que no procedía desestimar la acción sino ordenar que se incluyera al menor en el pleito.

Expresamos que "aun cuando se demande al padre, a la madre o a la persona que ostente la patria potestad del menor cuya filiación se impugna, es el menor la parte realmente perjudicada y debe ser incluido en el pleito". Por ello, expresamos que "[n]o en vano las Reglas de Procedimiento Civil disponen que cuando se demanda a un menor de catorce años o más **éste debe emplazarse** y además entregársele copia de la demanda" en aras de cumplir con el imperativo constitucional del debido proceso de ley. [67] (Énfasis suplido). Pues, se puede dar el caso en que los intereses del menor estén encontrados con los de quien le suple capacidad y sea necesario nombrar un defensor judicial. Sin embargo, "para determinar si lo anterior es necesario o no debe notificársele al menor que ha sido

---

[67] *Bonilla Ramos v. Dávila Medina*, *supra*, pág. 681.

demandado que alguien debe representarlo en el pleito".[68] Ante ello, resolvimos que el menor cuya impugnación de filiación se solicita es parte indispensable, debe ser incluido en el pleito y ⸺de ser mayor de catorce años⸺ emplazado correctamente dentro del término de caducidad de seis meses que dispone la Ley Núm. 215-2009 para instar la acción de impugnación.[69] De esta manera el menor podrá, a través de quien ostenta la capacidad de representarle **o** mediante un defensor judicial nombrado por el tribunal, defender sus intereses.

Posteriormente, en *Sánchez Rivera v. Malavé Rivera*, *supra*, atendimos una controversia relacionada a las normas que rigen el emplazamiento en una acción de impugnación de paternidad. El caso nos brindó la oportunidad de determinar si es suficiente emitir un emplazamiento al padre o a la madre con patria potestad, en su carácter personal y como representante del menor, para adquirir jurisdicción sobre este. En esa ocasión, el señor Sánchez Rivera presentó una demanda de impugnación de paternidad contra la señora Malavé Rivera por sí y en representación de su hijo menor de catorce años de edad. Del emplazamiento surgía que la parte demandada únicamente era la señora Malavé Rivera. Es decir, el encabezamiento del emplazamiento estaba dirigido solo a ella. Esta solicitó la desestimación de la acción de

---

[68] Íd.
[69] Íd., págs. 682-683.

impugnación de paternidad por falta de parte indispensable porque no se emplazó al menor.

A base de estos hechos, enunciamos que

> el emplazamiento personal al padre o madre con patria potestad de un hijo menor de catorce años de edad, quien es a su vez parte demandada en su carácter personal, no puede conllevar que automáticamente el menor de edad demandado haya quedado emplazado o sometido a la jurisdicción del tribunal. Para que el menor quede emplazado **tiene que surgir del emplazamiento que este va dirigido al menor de edad por conducto de su padre o madre con patria potestad, o tutor(a).** Lo contrario implicaría abdicar el hecho de que el menor de edad goza de una personalidad propia y distinta a la de su representante.[70] (Énfasis suplido).

Así, ante la falta del emplazamiento del padre o la madre en representación del menor este Tribunal concluyó que

> [p]ara que se adquiera jurisdicción sobre el menor demandado, **es necesario que se le emplace expresamente por conducto de su representante legal. Sin embargo, si su representante legal también figura como parte demandada no bastará con que se adquiera jurisdicción sobre este para que se entienda que el menor fue debidamente emplazado. Es necesario que se haga constar que tanto el representante legal como el menor representado fueron debidamente emplazados** [...]. (Énfasis suplido).[71]

D. *El nombramiento del defensor judicial*

El defensor judicial es un "tutor especial nombrado [por el tribunal] para que represente a un incapacitado o a

---

[70] *Sánchez Rivera v. Malavé Rivera*, *supra*, pág. 872.
[71] Íd., págs. 874-875.

un menor en un pleito específico". [72] El nombramiento procede en virtud del poder de *parens patriae* que ostenta el Estado y que tiene como único y principal objetivo asegurar el bienestar de los menores e incapaces. [73] La razón de su existencia es servir de garantía y protección a los menores y "suplir la capacidad jurídica *in actu* del menor cuando los intereses de éste son antitéticos a los de su padre o madre". [74]

Según Manresa, el origen de esta institución jurídica emerge de la necesidad de atender a la defensa del hijo en cualquier asunto en que su interés sea opuesto al del padre o la madre, a cuya potestad está sometido. [75] Su naturaleza jurídica se halla en la designación de una persona, por mandato judicial y mediante la figura de un juez, para que procure la representación del menor, particularmente en las particiones hereditarias. [76]

Las disposiciones que regulan la figura del defensor judicial son el Art. 160 del Código Civil, 31 LPRA sec. 617; la Regla 15.2 de Procedimiento Civil, 32 LPRA Ap. V y el Art. 611 del Código de Enjuiciamiento Civil, 32 LPRA sec. 2666. Este último instituye que el nombramiento de defensor se hará siempre mediante petición, en la que se ha

---

[72] *Crespo v. Cintrón*, 159 DPR 290, 300 (2003), citando a *R & G Premier Bank P.R. v. Registradora*, 158 DPR 241 (2002); *Rivera y otros v. Bco. Popular*, 152 DPR 140 (2000); *Fernández Martínez v. Tribunal Superior*, 89 DPR 754, 758 (1964).

[73] Íd.

[74] Véase F. Seix, *Nueva enciclopedia jurídica*, Barcelona, 1954, T. VI, pág. 342.

[75] Íd., pág. 343.

[76] Íd., pág. 344. Véase, además, A. Majada, *La incapacitación, la tutela y sus formularios*, Ed. Bosch, Barcelona, 1985, págs. 215-216.

de consignar, bajo juramento, que el menor de que se trata se halla en el caso previsto por el Art. 160 del Código Civil. El Art. 160 establece que "[s]iempre que en algún asunto ambos padres o alguno de ellos tenga un interés opuesto al de sus hijos no emancipados, el Tribunal Superior nombrará a éstos un defensor judicial que los represente en juicio o fuera de él".[77]

Hemos interpretado que el interés opuesto se entenderá cuando exista una incompatibilidad de intereses sobre determinados bienes, por ser los padres y los hijos, es decir, cuando los intereses de los padres actúen en menoscabo de los intereses de los hijos.[78] Por ejemplo, cuando ambos sean coparticipes de una misma herencia o, respectivamente, herederos y legatarios de la misma sucesión.[79] Algunos tratadistas opinan que en el caso en que la madre y el hijo tengan un "interés común" en el pleito en el cual le pueda representar no procede la designación judicial del defensor.[80] Es decir, que si existe perfecta compatibilidad entre los intereses de la madre o del padre con los del hijo no es necesario hacer la

---

[77] Íd. Véase, además, *ASR v. Proc. Rel. Familia*, 196 DPR 944 (2016).

[78] *Álvareztorre Muñiz v. Sorani Jiménez*, *supra*; *Crespo v. Cintrón*, *supra*.

[79] Íd.

[80] Seix, *op. cit.*, pág. 346. Véase, además, María Victoria Mayor del Hoyo, *Sobre la intervención del defensor judicial en los procesos de impugnación de paternidad (comentario a la STS 481/1997, de 5 de junio)*, Anuario de derecho civil, Vol. 51, Núm. 2, 1998, págs. 917-936, en: https://www.boe.es/publicaciones/anuarios_derecho/abrir_pdf.php?id=ANU-C-1998-20091700936 (última visita, 7 de octubre de 2019).

designación.[81] Sostienen que sería inconsistente en la relación jurídico procesal si el que demanda al hijo, al mismo tiempo defiende sus intereses.[82] En otros términos, si el conflicto únicamente es con alguno de sus padres el otro puede representarlo. No obstante, hay que ponderar las circunstancias de cada caso, con criterio de amplitud a favor de la designación de defensor judicial cuando se dude si existe oposición entre los representantes legales y el menor.[83]

Ante una situación de conflicto de intereses el Tribunal, "a petición de cualquiera de los padres, del mismo menor, del fiscal o de cualquiera persona capaz para comparecer en juicio", ostenta legitimación para solicitar que se nombre un defensor judicial.[84] Para ello, la Regla 15.2 de Procedimiento Civil, 32 LPRA Ap. V, **faculta a los tribunales** para nombrar un defensor judicial que represente

---

[81] Como norma general, los padres tienen, respecto a sus hijos no emancipados, el deber de representarlos en el ejercicio de todas las acciones que puedan redundar en su provecho. 31 LPRA sec. 601. "Es sólo cuando los intereses del menor y de sus padres están en conflicto, o si el tribunal lo cree conveniente, que al menor lo representa su tutor general o un defensor judicial". Cuevas Segarra, *op. cit.*, T. II, pág. 672; *Biaggi v. Corte*, 68 DPR 407 (1948) y *Agostini v. Registrador*, 39 DPR 577 (1929). Véase, además, María Victoria Mayor del Hoyo, *Sobre la intervención del defensor judicial en los procesos de impugnación de paternidad (comentario a la STS 481/1997, de 5 de junio)*, Anuario de derecho civil, Vol. 51, Núm. 2, 1998, págs. 917-936, en: https://www.boe.es/publicaciones/anuarios_derecho/abrir_pdf.php?id=ANU-C-1998-20091700936 (última visita, 7 de octubre de 2019).

[82] María Victoria Mayor del Hoyo, *Sobre la intervención del defensor judicial en los procesos de impugnación de paternidad (comentario a la STS 481/1997, de 5 de junio)*, Anuario de derecho civil, Vol. 51, Núm. 2, 1998, págs. 917-936, en: https://www.boe.es/publicaciones/anuarios_derecho/abrir_pdf.php?id=ANU-C-1998-20091700936 (última visita, 7 de octubre de 2019).

[83] Véase Majada, *op. cit.*, págs. 223-224.

[84] *Álvareztorre Muñiz v. Sorani Jiménez*, *supra*; *Crespo v. Cintrón*, *supra*.

a un menor de edad o a una persona incapacitada judicialmente en una causa de acción **cuando lo juzgue conveniente** o esté dispuesto por ley. Así, el inciso (a) dispone lo siguiente:

> (a) Un o una menor deberá comparecer por medio de su padre o madre con patria potestad o, en su defecto, por medio de su tutor o tutora general. Una persona mayor de edad o emancipada que esté judicialmente incapacitada deberá comparecer por medio de su tutor o tutora general. **Sin embargo, el tribunal podrá nombrarle un defensor o una defensora judicial a cualquier menor o persona incapacitada judicialmente siempre que lo juzgue conveniente o esté dispuesto por ley.** (Énfasis suplido).

El inciso de esa regla contempla que, si la capacidad de una persona está restringida por alguna condición, ya sea **minoría de edad**, demencia, prodigalidad, entre otras, **queda a discreción del tribunal ⸺si es conveniente y procede⸺ nombrarle un defensor judicial.**[85] Lo que rige es un criterio de conveniencia. El Tribunal tiene la discreción de establecer cualquier otra medida para proteger los intereses de la parte incapacitada, a la vez que procura que el caso sea resuelto de una manera justa, rápida y económica. [86]

III

La controversia requiere determinar si el hecho de que el nombre del menor no consta en el epígrafe de la demanda,

---

[85] Véanse: Regla 15.2 de Procedimiento Civil, 32 LPRA Ap. V; *Rivera y otros v. Bco. Popular*, *supra*.

[86] Véase Regla 1 de Procedimiento Civil, 32 LPRA Ap. V.

como parte nominal, es suficiente en derecho para desestimar la causa de acción ante la alegación de ausencia de parte indispensable. Ello, a pesar de que se realizó un emplazamiento conforme a derecho. Veamos.

Según se desprende de la discusión anterior, el peticionario advino en conocimiento de la inexactitud de la filiación en junio de 2013. En ese momento se encontraba activo en el servicio militar. De las determinaciones de hechos del Tribunal de Primera Instancia surge que desempeñó esa función hasta el 20 de marzo de 2015.

Aunque la Ley Núm. 215-2009 dispone un término de caducidad de seis meses para presentar una acción de impugnación de paternidad, el Tribunal de Primera Instancia concluyó que al señor Rivera Marrero le cobijaban las protecciones que provee la SCRA. Al aplicar las disposiciones de la ley federal resolvió, correctamente, que, a pesar de que este instó la demanda el 21 de noviembre de 2014, la causa de acción se presentó a tiempo. El Tribunal de Apelaciones, a su vez, confirmó el dictamen.

Luego de varios incidentes procesales, el foro primario nombró al licenciado Santini Bonilla como defensor judicial del menor. Este advirtió que el nombre del menor no se incluyó en el epígrafe de la demanda y solicitó la desestimación por falta de parte indispensable. Alegó que el emplazamiento es nulo ya que su diligenciamiento no subsanó tal omisión. El Tribunal de Primera Instancia acogió este planteamiento y concluyó que carecía de

jurisdicción para atender la reclamación del señor Rivera Marrero. Entendió que el epígrafe de la demanda debió enmendarse para incluir al menor. Coligió que como no se enmendó antes del plazo de caducidad de seis meses y no se nombró a un defensor judicial oportunamente, la acción había caducado. Razonó, además, que la solicitud que realizó el peticionario para que se le nombrara un defensor judicial "no cumplió con los requisitos de una solicitud suficiente". El Tribunal de Apelaciones confirmó al Tribunal de Primera Instancia. En síntesis, concluyó que desde el momento en que se relevó al peticionario del servicio militar, este tenía seis meses para enmendar la demanda. Opinó, además, que al nombrarse un defensor judicial habiendo expirado ese término procedía desestimar la demanda. Ambos foros erraron en su proceder.

Como expusimos, nuestro ordenamiento legal establece que para que una persona se considere parte del pleito, y que el tribunal adquiriera jurisdicción sobre su persona, lo importante es que se emita y diligencie un emplazamiento conforme a derecho. Ello, aun cuando su nombre no conste en el epígrafe de la demanda. Es decir, lo determinante es que se utilice el mecanismo del emplazamiento con su debido diligenciamiento para activar la jurisdicción de los tribunales sobre la persona del demandado.

Según distinguimos, en *Sánchez Rivera v. Malavé Rivera*, *supra*, y, posteriormente, en *Bonilla Ramos v. Dávila Medina*, *supra*, atendimos una situación sobre

impugnación de paternidad en la que el menor cuya impugnación se solicitó no se incluyó en el pleito ni se emplazó conforme disponen las Reglas de Procedimiento Civil. Distinto al caso ante nuestra consideración, en cada uno de los casos se diligenció un único emplazamiento dirigido a la madre del menor; en su carácter personal y en representación del menor. Es decir, que la única demandada y emplazada fue la madre del menor. En ambos casos, quien presentó la causa de acción obvió un hecho imprescindible: presentar un emplazamiento dirigido al menor por conducto de su padre, madre o tutor legal. Por ello, este Tribunal resolvió que al no ser incluido en el pleito procedía desestimar la demanda.

En el caso ante nuestra consideración, en el epígrafe de la demanda, el peticionario incluyó como parte demandada a la señora Santiago Martínez, madre del menor. La Secretaría del Tribunal —**a solicitud del peticionario**— **expidió dos emplazamientos**: uno a nombre de "Sandra Enid Santiago Martínez" y otro a nombre de "[JGRS], por conducto de Sandra Enid Santiago Martínez", madre con patria potestad y custodia. Ambos emplazamientos se diligenciaron mediante entrega personal. Si bien el peticionario —quien compareció por derecho propio— no incluyó el nombre del menor en el encabezamiento o epígrafe de la demanda, se presentó y diligenció un emplazamiento dirigido al menor por conducto de su madre. Es decir, el menor se emplazó

conforme a derecho y el tribunal adquirió jurisdicción sobre su persona antes de culminar el plazo de caducidad de forma tal que su madre podía, por sí y como representante del menor, comparecer a defender sus intereses.

De otra parte, acorde con las disposiciones que regulan la figura del defensor judicial, se reconoce la facultad de los tribunales para nombrar una persona que represente los intereses del menor **cuando lo juzgue conveniente** o esté dispuesto por ley.[87] Esta representación es una excepción que se fundamenta en los intereses opuestos que pueden existir entre los padres y el menor.[88] El nombramiento de un defensor judicial no tiene unos requisitos de forma particulares; menos una forma concreta de realizar la solicitud. Basta con que la parte interesada haga la petición cuando ambos padres o alguno de ellos tenga un interés opuesto al de su hijo no emancipado.

En las alegaciones de la demanda, el señor Rivera Marrero solicitó al tribunal que, "[d]ado a que se trata de un menor de edad, entendemos prudente el que se designe un defensor judicial para que los derechos del menor sean protegidos". Ante esta petición, el peticionario no tenía que, posteriormente, cumplir con unos requisitos particulares, tampoco la obligación exclusiva de reiterarle al tribunal la necesidad de nombrarle un defensor judicial al menor. Una vez solicitado correspondía al Tribunal de

---

[87] Véase *Crespo v. Cintrón*, *supra*.
[88] Íd.

Primera Instancia, si lo entendía conveniente, efectuar la correspondiente designación judicial.

Por lo tanto, resolvemos que en un caso de impugnación de paternidad el hecho de haber omitido en el epígrafe de la demanda el nombre de un menor no priva de jurisdicción al tribunal si de las alegaciones de la demanda original, interpretadas de forma liberal a favor de la parte demandante, se desprende que el menor es parte en el pleito y este se emplazó correctamente, según disponen las Reglas de Procedimiento Civil. Aunque la mejor práctica es que se incluya, la omisión del nombre en el epígrafe de la demanda es un error de forma subsanable mediante enmienda. Como corolario, erró el Tribunal de Apelaciones al confirmar al foro primario al desestimar la demanda de impugnación que presentó el señor Rivera Marrero correcta y oportunamente.

## IV

Por los fundamentos antes expuestos, se revoca la determinación del Tribunal de Apelaciones. En consecuencia, se devuelve el caso al Tribunal de Primera Instancia para que continúen los procedimientos de forma compatible con lo aquí resuelto.

Se dictará sentencia de conformidad.

Edgardo Rivera García
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|                                                    |              |  |
|----------------------------------------------------|--------------|--|
| Geraldo Rivera Marrero<br>Peticionario<br><br>v.<br><br><br>Sandra E. Santiago Martínez<br>Recurrida | CC-2017-0882 |  |

**SENTENCIA**

En San Juan, Puerto Rico, a 7 de octubre de 2019.

Por los fundamentos expuestos en la Opinión que antecede, se revoca la determinación del Tribunal de Apelaciones. En consecuencia, se devuelve el caso al Tribunal de Primera Instancia para que continúen los procedimientos de forma compatible con lo aquí resuelto.

Notifíquese inmediatamente.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco concurre sin opinión escrita.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo